# CHARLESTON

ELSWICK *v.* DESKINS.

Submitted September 29, 1914. Decided October 13, 1914.

1.  CONTRACTS—*Construction.*

In construing contracts courts should look to the circumstances surrounding the parties, the subject matter and general purpose the parties had in mind in order to determine the meaning of words and make correct application of them to the things described. (p. 112).

2.  APPEAL AND ERROR—*Objection Below—Reception of Evidence.*

A party who neither objects to the introduction of secondary evidence, nor moves to exclude it on the ground that it is not the best evidence, will not be heard to complain thereof in this court. (p. 113).

3.  EVIDENCE—*Best and Secondary—Builder's Contract—Certified Copy.*

When a builder's contract has been recorded in the office of the clerk of the county court pursuant to Sec. 5, Ch. 75, Code, a copy

thereof, attested by such clerk, may be used as evidence in lieu of the original. Such copy is primary eidence. (p. 113).

4. WITNESSES—*Contradiction—Record in Prior Suit.*
. Where a contractor has brought a suit to enforce his mechanic's lien, claiming a balance due him on the original contract and also for extra work and material, and thereafter, by agreement with the owner, withdraws his suit without prejudice to his right of action for any balance that may·be found to be due him on final settlement, and later, before settlement, brings his action to recover an alleged balance, the record in the first suit is admissible in the second for the purpose of contradicting his testimony, when it appears that the account claimed to be for extras in the first suit differs from that claimed in the second. (p. 115).

Error to Circuit Court, Mingo County.

Action by W. B. Elswick against Elizabeth Deskins. Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*John J. Hamrick* and *Stokes & Bronson,* for plaintiff in error.

*G. R. C. Wiles, Douglass W. Brown* and *Goodykoontz & Scherr,* for defendants in error.

WILLIAMS, JUDGE:

Elizabeth Deskins obtained this writ of error to a judgment rendered against her by the circuit court of Mingo county in favor of W. B. Elswick for $3,023.53, in an action of assumpsit, for material furnished and labor performed in and upon her opera house, in the town of Williamson, and for money paid and advanced for her use.

Plaintiff had originally contracted in writing to build the house according to certain plans and specifications for $11,955, but claims that the action is to recover for extra material and labor not contemplated by the original contract and rendered necessary because of certain changes and alterations in the plans, made at the special instance and request of defendant, except the opera chairs or seats and the labor of setting them up, and as to them he claims he was released from his original contract by a subsequent one. Whether he was in fact so released depends upon the proper construction

of the subsequent agreement. He completed the building sometime in the fall of 1907, and on the 21st November of that year filed his mechanic's lien against the property in which he claimed a balance due him of $6,933.97. A number of persons who had furnished him with material for use in the construction of the building had also filed liens, and plaintiff had brought suit against Mrs. Deskins and them to enforce his lien. Pending that suit, and presumably before any decree was made in it, he and defendant entered into a written agreement of date the 26th February, 1908, reciting the pendency of the suit, the balance claimed to be due plaintiff, the pendency of other claims for material and labor furnished him as principal contractor, the amounts of which could not then be ascertained on account of disputes between himself and the claimants. The claim of E. H. Stafford Manufacturing Company for seats for the building was specially mentioned as one of such claims. The agreement also recited . that plaintiff had assigned a portion of his account, not stating the amount, against defendant to the Mingo Lime & Lumber Company; that Mrs. Deskin had executed to plaintiff two notes for $1,000 each which were then held by the Bank of Williamson to secure a loan of $1,500 made to plaintiff. In consideration whereof, it was then agreed that Mrs. Deskins should pay to the Bank of Williamson the amount Elswick owed it, whereupon her two notes were to be cancelled; that, after the liens claimed by laborers and materialmen should be adjusted, plaintiff and defendant were to settle their accounts. and if any balance was found to be due plaintiff, it was to be paid to the Mingo Lime & Lumber Company to the extent of the amount which it held by assignment from him; that defendant should "indemnify and save harmless the said W. B. Elswick by reason of any of the claims aforesaid for material and labor and seats furnished the said building;" and Elswick agreed to release his lien and dismiss his suit. But it was expressly stipulated that the agreement was not intended to be a settlement of accounts between the parties, nor a waiver of plaintiff's right to sue for any balance that might be found to be due him on settlement. There was never any settlement; and hence this suit.

Although the original agreement was not put in evidence, plaintiff admited in his testimony that it bound him to supply the seats, but he claims that he was exonerated therefrom by the agreement of February 26, 1908. We do not think so. None of the various liens which had been asserted against the property by materialmen and laborers was ascertained at that time, and the agreement expressly stated that plaintiff disputed their several amounts. It is not reasonable to suppose that Mrs. Deskins agreed, without consideration, to pay all those claims, not knowing what they amounted to, which were primarily Elswick's debts, created in the execution of his original contract. To ascertain the meaning of the words "indemnify and save harmless," the agreement must be read as a whole and its general purpose considered in the light of the existing facts and circumstances. See cases cited in 3 Ency. Dig. Va. & W. Va. 395. Mrs. Deskins expressly agreed to pay a debt which Elswick owed the Bank of Williamson, but she was to have credit for that by the cancellation of her two notes payable to Elswick for $1,000 each; and so likewise the agreement contemplated that she should pay, in the first instance, all the claims asserted as liens against her property, including the claim for the seats for which no lien appears to have been filed, and this may account for its being specially mentioned. But for all of Elswick's debts which she so paid it was evidently intended by the contracting parties she was to have credit in the final settlement thereafter to be made between herself and Elswick. Her agreement to indemnify Elswick is not limited to the claim of the Stafford Manufacturing Company, but applies to all claims against him which were being asserted as liens against her property, whether for material or labor, and it was never contemplated that she should pay all those things without consideration, and relieve Elswick entirely. The purpose of the agreement, as it expressly says, was to have the suit withdrawn and the lien released without prejudice to a future settlement between the parties. It was not intended as a modification of the original contract, because it is in no manner mentioned or referred to. It appears from plaintiff's testimony that he was sued for the chairs by the

Stafford Manufacturing Company, after the agreement of February 26, 1908, and was compelled to pay the judgment, and it may be that the contract of indemnity was to protect him against such contemplated suits. But whatever they may have meant by the terms "indemnify and save harmless," in their agreement, they were clearly not intended to modify the original agreement, or to relieve Elswick from any obligations therein contained.

Plaintiff's bill of particulars includes the following charges: opera house chairs $1,300, freight on same $95.45 unloading car of chairs $5.75, and sums paid various laborers in setting them up amounting to $222.15, the whole aggregating $1,623.35. Those charges go to make up plaintiff's judgment. They are improper and should not have been allowed.

It is urged that the court erred in permitting plaintiff to prove his account by oral testimony, without introducing the written contract which it is insisted was the best evidence of plaintiff's undertaking and, incidentally, the best evidence of whether the items charged as extras were in fact such. 2 Jones' Com. on Evidence, secs. 199 and 201; 1 Taylor on Evidence, sec. 402; *Buxton* v. *Cornish,* 12 M & W. 425; *Vincent* v. *Cole,* 7 B. & C. 400; and *Edie* v. *Kingsford.* 139 Eng. Rep. 311. But we do not think defendant is in a position to complain of the introduction of parol evidence. She failed to object at the time the testimony was given, and later moved to exclude it. But the motion was limited to the testimony respecting the charges for labor in the bill of particulars, and was apparently made on the ground that plaintiff kept the account of the time as it was reported to him by his timekeeper, as the work progressed, and his testimony was therefore hearsay evidence. The testimony in this respect was admissible, according to *W. Va. Architects & Builders* v. *Stewart,* 68 W. Va. 506. It was not a violation of the rule against hearsay evidence. Assuming, but not deciding, that it was improper to allow plaintiff to prove his account for extras by oral testimony, without first producing the written contract or properly accounting for his failure to do so, defendant can not now be heard to complain,

because she failed to make seasonable objection to the introduction of such evidence. By her silence she has waived her right to demand proof by the best evidence, and can not be heard to complain in this court. In his recent valuable work, Commentaries on Evidence, Vol. 2, sec. 200, Mr. Jones, in discussing the rule respecting the best evidence, says: "The rule is well settled that when evidence is let in generally, without objection, and no attempt is made in the trial court to limit or confine its effect, it is in for all purposes, and it must be considered and allowed its full force. Incompetent evidence, if material, is sufficient to establish a fact in issue, when received without objection, but if not material, it does not affect the issue." The text is supported by numerous citations of decisions both in this country and in England. See also 1 Wigmore on Evidence, sec. 18.

Moreover, defendant had the right to introduce the written contract for the purpose of contradicting plaintiff's testimony. It may, or may not, have shown that the items charged in his bill of particulars were parts of his original undertaking. But defendant did not testify and did not offer to introduce the contract. Plaintiff says he thinks the original was burned up when his shop burned. But it appears to have been previously recorded in the clerk's office of the county court, pursuant to section 5, ch. 75, serial section 3846, Code 1913. It also appears from the testimony of B. B. Goings that a certified copy of it was in the hands of defendant's counsel at the trial, although not put in evidence. Did counsel decline to introduce it because they thought it would be detrimental to their client's case? We do not know. Sec. 5, ch. 130, serial section 4860, Code 1913, authorizes its use as evidence, in lieu of the original. The certified copy was therefore primary evidence, and either party had the right to make use of it in the trial of the case.

The first item of plaintiff's bill of particulars bears date September 11, 1908, and the last one on October 12, 1908. This must be erroneous as to the year, because plaintiff expressly states in his testimony that he furnished no material or labor for which Mrs. Deskins had not already paid him, after he filed his mechanic's lien, which was in the latter

part of 1907. Evidently, therefore, the extra work and material for which this action is brought was furnished in 1907.

It is assigned as error that the court refused to allow defendant to introduce as evidence the record in the mechanic's lien suit brought by plaintiff against Mrs. Deskins and others. It does not appear for what purpose this documentary evidence was offered, and, therefore, we can not say the court erred in refusing to admit it. It is made a part of the record in this case by bill of exceptions, and from the allegations of Elswick's bill and his account therewith filed it appears that he then claimed a large balance due him on the original contract and for extra material and labor rendered necessary on account of changes in the original plan and specification made at the request of defendant. These extras were itemized and they do not appear to be identical with those for which this suit is brought. The record was admissible for the purpose of contradicting plaintiff's testimony. The extras now sued for, having been performed and furnished at the time that suit was brought, ought to have been included therein. If they were not, it would be evidence tending to prove that the items forming the basis of the present action, except the chairs and labor of setting them up, was an afterthought of plaintiff's. But, as before stated, it does not appear for what purpose the record was offered, and it may have been offered for an improper purpose. However, the judgment will have to be reversed for the error in allowing a recovery for the opera chairs and the labor of setting them up, and when the case goes back for a new trial the mistake, if any was made, in refusing to admit the record evidence can be corrected. Defendant's motion for a new trial should have prevailed.

The judgment is reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and Remanded.*