# CHARLESTON.

GODFREY L. CABOT, INC. v. CLARKSBURG LIGHT AND HEAT
COMPANY et al.

(No. 5587)

Submitted November 9, 1926.   Decided November 16, 1926.

CONTRACTS—GAS—*Contract Must be Construed With Reference to Circumstances at Time it Was Executed; Contract Selling Gas From Wells on Specified Land, Where Only One Well Was in Existence, Did Not Apply to Gas Produced From Well Subsequently Drilled.*

> A contract must be construed with reference to the circumstances existing at the time the contract is executed.

Appeal from Circuit Court, Harrison County.

Suit by Godfrey L. Cabot, Inc., against the Clarksburg Light & Heat Company and another, for an injunction and other relief. From a judgment for defendants, plaintiff appeals.

*Carter & Sheets,* for appellant.

*Edward G. Smith* and *David D. Johnson,* for appellees.

*Affirmed.*

HATCHER, JUDGE:

In June of 1923, C. W. Perine secured from C. A. Lanham and wife a lease of a tract of 100 acres in Harrison County, "for the sole and only purposes of mining and operating for oil and gas." In December of 1923, Perine entered into a written contract with the plaintiff, Godfrey L. Cabot, Inc., whereby Perine sold to the plaintiff "the gas from any and all wells owned by said C. W. Perine on the Charles Lanham farm * * * except so much of said gas as may be necessary for the operation by the said C. W. Perine of his wells on said farm, and for any and all gas so taken and used, said Godfrey L. Cabot, Inc., agrees to pay therefor * * * This contract shall bind the subscribers, their heirs and assigns, so long as gas continues to be produced and delivered in paying quantity."

In December of 1923 there was one oil and gas well on the Lanham farm. The plaintiff has taken the gas from that well continuously since the date of the above contract.

In August of 1924, Perine assigned his lease on the Lanham tract to J. W. Johnson, but excepted from the assignment "that certain well producing oil and gas heretofore drilled on the above premises." In October of 1924, Johnson assigned the said lease to the defendant, the Garrett-Lyons Gas Company. Shortly thereafter, the Garrett-Lyons Company drilled a producing gas well on the tract, and is disposing of the gas therefrom to the defendant, the Clarksburg Light and Heat Company.

This suit was brought in the circuit court of Harrison County by Godfrey L. Cabot, Inc., for the purpose of enjoining the Clarksburg Company from acquiring the gas from the second well on the Lanham farm; to enjoin the defendant, Garrett-Lyons Company from disposing of the gas from this well or any well hereafter drilled on the said farm to anyone except the plaintiff; and for an accounting of, and settlement for, the gas already taken by the Clarksburg company. The bill alleges that the plaintiff is engaged in supplying gas to domestic and industrial consumers, and that the gas produced on the Lanham farm is necessary to meet its requirements; that failure to secure all the gas from the Lanham farm is causing the plaintiff great and irreparable injury; that an action at law against any of the defendants would be wholly unavailing, and that it is impossible for the plaintiff to ascertain the damages it has sustained and will sustain, unless its rights under the Perine contract are protected.

A demurrer to the bill was sustained by the lower court.

It is very doubtful whether the bill presents a case for equity jurisdiction. But without passing on the sufficiency of the bill, it is clear that the plaintiff has no right under the Perine agreement to the gas produced in the second well. That agreement does not purport to sell to the plaintiff all of the gas on the Lanham farm. It does not assign the lease. It makes no promise to sell the gas from wells to be drilled in the future. Only certain, specified gas is sold: "the gas from any and all wells owned by the said C. W. Perine on the Charles Lanham farm." Despite the sweeping allusions to "wells", the fact is that there was only one well on the Lan-

ham farm when the contract was made. That was the only well then owned by Perine. The bill makes no attempt to explain the references to "wells", and does not allege any mistake in the contract. A contract must be construed as of the date executed. "A contract must be construed in the light of the surrounding circumstances at the time it was made, and not in the light of subsequent events." *Davin* v. *City of Syracuse,* 126 N. Y. S. 1002. Accord: 13 C. J. par. 514. p. 544; Page, Contracts, Sec. 2060; Williston, Contracts, Vol. 2, par. 618, p. 1198; *Yonker* v. *Grimm,* 101 W. Va. 711; *Curtis* v. *Meadows,* 84 W. Va. 94; *Ross* v. *Lafferty* (Tex.) 95 S. W. 18; *Batchelder & Co.* v. *Batchelder,* 220 Mass. 43. Therefore, it is patent that the gas from the one well in existence on the Lanham farm at the time of the agreement is all that the plaintiff can claim under the Perine contract. Any subsequent well drilled by Perine or his assignees is not subject to that contract.

For the foregoing reasons the judgment of the lower court will be

*Affirmed.*