Nicola PANICHELLA, Plaintiff,

v.

PENNSYLVANIA RAILROAD COM-
PANY, Defendant, and Third-
Party Plaintiff,

(WARNER BROTHERS PICTURES, Inc.,
a corporation, Third-Party Defendant).

Civ. A. No. 11511.

United States District Court
W. D. Pennsylvania.

March 29, 1957.

Regis C. Nairn and James P. McArdle, Pittsburgh, Pa., for plaintiff.

John David Rhodes (of Pringle, Bredin & Martin), Pittsburgh, Pa., for Pennsylvania R. Co.

J. Lawrence McBride (of Dickie, McCamey, Chilcote, Reif & Robinson), Pittsburgh, Pa., for Warner Bros. Pictures.

GOURLEY, Chief Judge.

In this proceeding based on negligence under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., motions for summary judgment have been filed in behalf of Pennsylvania Railroad Company, original defendant, and Warner Brothers Pictures, Inc., third-party defendant, predicated upon a release executed by plaintiff to Warner Brothers Pictures, Inc.

For purposes of brevity the following abbreviations will be employed:

Pennsylvania Railroad Company—"Railroad"
Warner Brothers Pictures, Inc.—"Warner"

The issue posed may be succinctly stated as follows:

In an action under the Federal Employers' Liability Act where a railroad

employee claims his employer failed to provide him a reasonably safe place in which to work and the employee was injured on the premises of a third person, does a release given by the railroad employee to said third person, without knowledge of the employer and when no part of the consideration was paid by the employer, providing for the release of said third person and all other persons, firms and corporations, release and discharge the employer under the Federal Employers' Liability Act for the injuries sustained in said accident.

Plaintiff sustained personal injuries as the result of an accident which occurred upon Warner sidewalk in Greensburg, Pennsylvania. The instant proceeding was instituted to recover damages from Railroad employer under the Federal Employers' Liability Act, predicated upon Railroad's negligence in requiring plaintiff to walk along a dangerous route while in a fatigued condition.

It is not contested that plaintiff signed a release [1] whereby under consideration of $1,375 paid by Warner he released Warner from liability by reason of plaintiff's fall on Warner's sidewalk, nor does plaintiff deny the effect of the release in terminating his claim against Warner.

### Motion to Dismiss as to Pennsylvania Railroad

At pre-trial conference, this court ruled that the release adverting to "Warner Brothers Pictures, Incorporated, and all other persons, firms, and corporations" was ambiguous and directed that a hearing be held to determine the intentions of counsel for the plaintiff and the insurance adjuster for Warner at the time the settlement was negotiated. I am satisfied that their testimony established that both of the negotiating parties had no specific intention of releasing Railroad, but intended affirmatively and specifically to release Warner and any

[1].                    "General Release—Individual

"Know All Men By These Presents:

"That I, Nicholo Panichelli, residing at 409 White Street, Greensburg, Penna., being of lawful age, for the sole consideration of One Thousand Three Hundred Seventy-five and no/100 dollars ($1,375.00) to me in hand paid, receipt whereof is hereby acknowledged, have remised, released and forever discharged, and for my heirs, executors, administrators, and assigns do hereby remise, release, and forever discharge Warner Brothers Pictures, Incorporated, and his, her, their and its successors and assigns, heirs, executors, administrators, and all other persons, firms, and corporations, of and from any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property, and the consequences thereof, resulting, and to result, from a certain accident which happened on or about the 14th day of December, 1950, for which I have claimed the said Warner Brothers Pictures, Incorporated, to be legally liable, which liability is hereby expressly denied.

"In Witness Whereof, I have hereunto set my hand and seal the 28th day of October in the year one thousand nine hundred fifty-two (1952).

"Sealed and delivered in the presence of

"Witness (Sgd. Max M. Bergad)                          (Sgd.)   Nicholo Panichelli

"Address Irwin, Pa.                                                              Nicholo Panichelli

"Witness Edmund J. McDonald

"Address 309 Main St. Irwin, Pa.

"State of Pennsylvania   }
County of Westmoreland  } ss:

"On this 28th day of October, 1952 before me personally appeared Nicholo Panichelli to me known, and known to me to be the same person described in and who executed the above instrument and he (or she) acknowledged to me that he (or she) executed the same.

"My Commission Expires                          (Sgd.)   Edmund J. McDonald

First Monday in January, 1958                                    Justice of the Peace"

person connected with or related to Warner.

The issue takes on its proper perspective when the question is evaluated from the point of view of whether an action premised upon an Act of Congress, serving a federal purpose, can be rendered nugatory and impotent by the release of a joint tortfeasor, when the original tortfeasor in no way contributed any share in payment of said release nor was within the contemplation of the parties at the time said release was executed.

In spite of the apparent dearth of authority upon the subject, it is my judgment that where an action in the Federal Court serves a federal purpose, the release of an additional defendant who contributes to payment of a claim or judgment does not release the noncontributing defendant upon whom liability is predicated under Federal Statute. United States ex rel. Marcus v. Hess, 3 Cir., 154 F.2d 291.

Another cogent reason exists for denying the applicability of the Warner release to Railroad. Assuming that Warner was negligent in failing to provide a safe crossing due to the accumulation of ice and snow, its negligence was an independent and concurrent circumstance. Between Warner and Railroad there was no concert of action, common design or duty, joint enterprise or other relationship such as would make them joint tortfeasors. Where the independent tortious acts of two persons combine to produce an injury, individual in its nature, either tortfeasor may be held for the entire damage, not because he is responsible for the act of the other but because his own act is regarded in law as a cause of the injury. Miller v. Union Pacific R. Co., 290 U.S. 227, 54 S.Ct. 172, 78 L.Ed. 285; Restatement of Torts, Vol. 2, Section 430, Comment d.

In the case of such independent concurring torts, the release of one wrongdoer does not release the other. Husky Refining Co. v. Barnes, 9 Cir., 119 F.2d 715.

Recognizing the preeminence of congressional enactment, and that State law is not to be construed as being repugnant to or a curtailment of Federal Statute, especially in a field where Congress has provided specific remedial recourse to an employee for a tortious act of his employer, in lieu of workman compensation laws available to employees generally, I must conclude that the granting of a release to a third person guilty of an independent tortious act is not a bar to an injured employee from securing relief against his employer under the provisions of the Federal Employers' Liability Act.

### Motion to Dismiss as to Warner Brothers Pictures, Inc.

As between Railroad and Warner, Warner asserts as its affirmative defense the release admittedly executed by plaintiff for valuable consideration.

It cannot be disputed that whether Warner were solely, severally or jointly liable to plaintiff, plaintiff's release to Warner extinguished such liability. Koller v. Pennsylvania R. Co., 351 Pa. 60, 65, 40 A.2d 89.

Consequently, as a logical syllogism, it would follow that no right exists on the part of Railroad to secure contribution from Warner since, as between Railroad and Warner, no cause of action remains in the plaintiff except against Railroad.

Warner is entitled to the finality of its settlement. To hold otherwise, in my judgment, would discourage compromise and settlement between parties. McKenna v. Austin, 77 U.S.App.D.C. 228, 134 F. 2d 659, 665, 148 A.L.R. 1253.

The fact that federal law prevents the exoneration of Railroad from plaintiff's claim even if the liability of Railroad and Warner were joint, nevertheless, as between Railroad and Warner, Warner is entitled to invoke its contract with the plaintiff already bought and paid for.

I can find no merit in Railroad's alternative contention that if joint negligence exists on the part of Railroad and Warner, that Railroad would be entitled

to liability over against Warner for any verdict recovered against Railroad, premised on the law of indemnity. In this connection, the law is well settled that in the case of concurrent or joint tortfeasors, having no legal relation to one another, no right of indemnity exists on behalf of either against the other. Helz v. City of Pittsburgh, 387 Pa. 169, 127 A.2d 89.

For the reasons stated, I further conclude that Railroad is neither entitled to contribution nor indemnification against Warner, and that Warner is entitled to summary judgment.

An appropriate Order is entered.