Nicola **PANICHELLA**, Plaintiff,

v.

**PENNSYLVANIA RAILROAD COMPA-
NY, a Corporation, Defendant & Third
Party Plaintiff (WARNER BROTHERS
PICTURES, Inc., a Corporation, Third
Party Defendant).**

Civ. A. No. 11511.

United States District Court
W. D. Pennsylvania.

Oct. 23, 1958.

See, also, 150 F.Supp. 79.

James P. McArdle, Pittsburgh, Pa., for plaintiff.

John David Rhodes (of Pringle, Bredin & Martin), Pittsburgh, Pa., for defendant.

J. Lawrence McBride (of Dickie, McCamey, Chilcote & Robinson), Pittsburgh, Pa., for third party defendant.

GOURLEY, Chief Judge.

This is an action under the Federal Employers' Liability Act predicated upon the Railroad's negligence in requiring and permitting plaintiff to walk along a dangerous route while in a fatigued condition after a snow storm. 45 U.S.C.A. § 51 et seq. Plaintiff was injured when he fell on the premises of Warner Brothers Pictures, Inc., third party defendant.

For purposes of brevity, the following abbreviations will be employed:

Pennsylvania Railroad Company—Railroad
Warner Brothers Pictures, Inc.—Warner

Upon jury trial verdict was returned in favor of plaintiff and against Railroad in the amount of $16,500, while Warner was exonerated of negligence.[1]

The matters before the court are twofold:

1. Railroad's motion for judgment N. O. V. premised upon the following reasons:

---

1. In answer to specific interrogatories, the jury concluded as follows:

"Was the defendant, Pennsylvania Railroad Company, guilty of negligence which was a proximate cause or a substantial contributing cause of the accident in whole or in part?

"Answer: Yes x No ———

"Should the answer to the above question be in the affirmative, state the extent or the amount of the negligence of the defendant, Pennsylvania Railroad Company, which was a proximate cause of the accident in whole or in part?

"Answer: 55%

"Was the plaintiff, Nicola Panichella, guilty of negligence which was a con-tributing cause of the accident in whole or in part?

"Answer: Yes x No ———

"Should the answer to the above question be in the affirmative, state the extent or the amount of the negligence of the plaintiff, Nicola Panichella, which was a contributing cause of the accident in whole or in part?

"Answer: 45%

"Was the Third Party Defendant, Warner Brothers Pictures, Inc., a corporation, guilty of negligence which was the proximate cause of the accident?

"Answer: Yes ——— No No

"What was the total amount of damages suffered by the plaintiff, Nicola

(a) Release dated October 28, 1952, given by plaintiff to Warner effectively discharges the Railroad from all liability to the plaintiff by reason of his accident of December 14, 1950.

(b) The evidence was insufficient to support a finding that plaintiff's accident was caused in whole or in part by negligence of the defendant.

2. Railroad's motion for new trial premised upon the following reasons:

(a) The finding of the jury that defendant was guilty of negligence which was a proximate or substantial contributing cause of plaintiff's accident was against the evidence and the weight of the evidence.

(b) The amount of the verdict was capricious and completely unsupported by the evidence.

(c) The trial judge erred in refusing to instruct the jury that there was no evidence to support a finding that fatigue or tiredness on part of the plaintiff was a contributing factor to the occurrence of the accident and in refusing to instruct the jury to disregard the argument of plaintiff's counsel that plaintiff's tiredness contributed to the happening of his accident.

(d) The trial judge erred in refusing defendant's first point for charge.[2]

(e) The trial judge erred in not directing and authorizing the jury to find as a fact whether negligence of Warner constituted a proximate cause of the accident as distinguished from the proximate cause of the accident.

Motion for Judgment N. O. V.

Plaintiff, a laborer for Railroad, sustained serious personal injuries when he fell upon a snow covered sidewalk adjacent to Warner. Plaintiff introduced evidence to establish that his physical condition was such as would permit a jury to infer that he was overtired from his continuous labors, and that Railroad was negligent in knowingly instructing and permitting him to enter an area which might prove hazardous because of the general prevailing weather conditions, and the plaintiff's own lack of alertness dulled by overwork.

(a) Railroad grounds its motion for judgment N. O. V. upon the legal thesis that a release executed by plaintiff to Warner for a consideration in the amount of $1,375 discharged Railroad from legal liability.[3]

---

Panichella, which was the proximate result of the accident without any consideration being given to negligence or contributory negligence?

"Answer: $30,000.00".

2. "1. Under the law and the evidence in this case, your verdict must be in favor of the defendant, unless you find as a fact that it was the duty and responsibility of the defendant to maintain the sidewalk abutting certain property of Warner Brothers Theatres, Inc., in the City of Greensburg, Pa. free and clear of ice and snow on the morning of December 14, 1950 before authorizing and directing plaintiff to traverse said sidewalk enroute to a restaurant for the purpose of securing a meal for himself and lunches for himself and his foreman."

3. "General Release—Individual
"Know All Men By These Presents:
"That I, Nicholo Panichelli, residing at 409 White Street, Greensburg, Penna., being of lawful age, for the sole consideration of One Thousand Three Hundred Seventy-five and no/100 dollars ($1,375.00) to me in hand paid, receipt whereof is hereby acknowledged, have remised, released and forever discharged, and for my heirs, executors, administrators, and assigns do hereby remise, release, and forever discharge Warner Brothers Pictures, Incorporated, and his, her, their and its successors and assigns, heirs, executors, administrators, and all other persons, firms, and corporations, of and from any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property, and the consequences thereof, resulting, and to result, from a certain accident which happened on or about the 14th day of December, 1950, for which I have claimed the said Warner Brothers Pictures, Incorporated, to be legally liable, which liability is hereby expressly denied.

The issue posed may be thus stated:

■ In an action under the Federal Employers' Liability Act where a railroad employee claims his employer failed to provide him a reasonably safe place in which to work and the employee was injured on the premises of a third person, does a release given by the railroad employee to said third person, without knowledge of the employer and when no part of the consideration was paid by the employer, providing for the release of said third person and all other persons, firms and corporations, release and discharge the employer under the Federal Employers' Liability Act for the injuries sustained in said accident.

■ The issue takes on its proper perspective when the question is evaluated from the point of view of whether an action premised upon an Act of Congress, serving a federal purpose, can be rendered nugatory and impotent through a release executed by a railroad employee in favor of an independent tortfeasor when the railroad employer in no way contributed any share in payment of said release nor was within the contemplation of the parties at the time said release was executed.

In spite of the apparent dearth of authority upon the subject, it is my judgment that where an action in the federal court serves a federal purpose, the release of an additional defendant who contributes to payment of a claim or judgment does not release the noncontributing defendant upon whom liability is predicated under Federal Statute. United States ex rel. Marcus v. Hess, 3 Cir., 154 F.2d 291.

[3] Another cogent reason exists for denying the applicability of the Warner release to Railroad. Assuming that Warner was negligent in failing to provide a safe means of travel on its sidewalk due to accumulation of ice and snow, its negligence was an independent and concurrent circumstance. Between Warner and Railroad there was no concert of action, common design or duty, joint enterprise or other relationship such as would make them joint tortfeasors. Where the independent tortious acts of two persons combine to produce an injury, individual in its nature, either tortfeasor may be held for the entire damage, not because he is responsible for the act of the other but because his own act is regarded in law as a cause of the injury. Miller v. Union Pacific R. Co., 290 U.S. 227, 54 S.Ct. 172, 78 L. Ed. 285; Restatement of Torts, Vol. 2, Section 430, Comment d.

In the case of such independent concurring torts, the release of one wrongdoer does not release the other. Husky Refining Co. v. Barnes, 9 Cir., 119 F.2d 715, 134 A.L.R. 1221.

Railroad places great weight on a recent decision of this Circuit in support of the proposition that a release of one tortfeasor will constitute a release of the other. Dura Electric Lamp Co. v. Westinghouse Electric Corp., 3 Cir., 249 F.2d 5. I do not consider said decision germaine to the case at issue. Said decision relates to a release of a co-conspirator operating as a release of all co-conspirators, entailing as it does a release to one of a community and concert of responsibility or common design. On the other hand, the present case relates to the release of one tortfeasor as distinguished from another tortfeasor

"In Witness Whereof, I have hereunto set my hand and seal the 28th day of October in the year one thousand nine hundred fifty-two (1952).
"Sealed and delivered in the presence of
Witness (Sgd. Max M. Bergad)
Address Irwin, Pa.
Witness Edmund J. McDonald
Address 309 Main St., Irwin, Pa.
"(Sgd.) Nicholo Panichelli

Nicholo Panichelli

\*　　\*　　\*　　\*　　\*

"State of Pennsylvania ⎱ ss:
County of Westmoreland ⎰
"On this 28th day of October, 1952 before me personally appeared Nichola Panichella to me known, and known to me to be the same person described in and who executed the above instrument and he (or she) acknowledged to me that he (or she) executed the same.
"My Commission Expires
First Monday in January, 1958
"(Sgd.) Edmund J. McDonald
Justice of the Peace"

whose tortious act is separate, distinct, unrelated and predicated upon statute.

 Recognizing the preeminence of congressional enactment, and that State law is not to be construed as being repugnant to or a curtailment of Federal Statute, especially in a field where Congress has provided specific remedial recourse to an employee for a tortious act of his employer, in lieu of workman compensation laws available to employees generally, I must conclude that the granting of a release to a third person guilty of an independent tortious act is not a bar to an injured employee from securing relief against his employer under the provisions of the Federal Employers' Liability Act.

 (b) Upon detailed evaluation of the testimony elicited from witnesses in trial of the proceeding, I am satisfied that the evidence is sufficient to support a finding that plaintiff's accident was caused by negligence of the defendant in that such inferences are deducible from the weight of the credible evidence to support the conclusion that Railroad required plaintiff to walk along a dangerous route when he was in a fatigued physical condition, and that the icy condition in front of Warner was not the result of Warner's negligence.

 The choice of conflicting versions of the way the accident happened, the decision as to which witness is telling the truth and the inferences to be drawn from the uncontroverted facts and the controverted facts are questions for the jury. If there is a reasonable basis for concluding that negligence of the employer was the cause of plaintiff's injury, it would be an invasion of the jury's function for the court to draw contrary inferences or to conclude that a different conclusion would be more reasonable. Thomas v. Conemaugh & Black Lick R. Co., 3 Cir., 234 F.2d 429.

### Motion for New Trial

(a) Upon recapitulation of all the credible evidence, I am convinced that the quantum of proof is such that the jury's verdict in finding Railroad guilty of negligence in part, and exonerating Warner of all negligence is consistent with the inferences deducible from the weight or preponderance of the evidence, and that said verdict is not against the evidence, weight of the evidence, or the law, and was not arbitrary or capricious.

 (b) It is axiomatic that a verdict may not be set aside on the ground that it is excessive unless it be so high as to shock the conscience of the court, or that the jury was biased or acted capriciously or unreasonably.

 As a result of this accident plaintiff suffered a fracture of the first lumbar vertebra, wore a body cast for approximately fifteen weeks. Plaintiff's life expectancy is 15 years. His loss of earnings until date of trial was $1,500. In considering an award for pain and suffering the jury was required to consider actual pain experienced and a span of probable pain in the future encompassing a period of fifteen years. The jury further had a right to consider plaintiff's medical testimony indicating that the fracture would leave plaintiff's back in a permanently weakened condition.

 In view of the extensiveness of plaintiff's injuries evinced in the record, I am satisfied that the award was reasonable and well founded. As this Circuit has frequently reiterated, while an award may be high, it should stand if there is ample evidence to justify it. It is not my prerogative to arbitrarily substitute my judgment for that of a jury. Trowbridge v. Abrasive Co. of Phila., 3 Cir., 190 F.2d 825; Lebeck v. William A. Jarvis, Inc., 3 Cir., 250 F.2d 285; Thomas v. Conemaugh & Black Lick R. Co., supra.

 (c) Railroad's request for instruction and refusal by the court related to an inference allegedly deducible from the evidence that there was no evidence to support a finding that fatigue or tiredness on part of plaintiff was a contributing factor to the accident. The requested point was refused for the reason that I have always refrained from

a discussion of the evidence or inferences deducible therefrom in order to avoid the pitfall of the jury obtaining improper impressions and beliefs as to the weight of one segment of the testimony over another, and to eliminate the further danger of a jury obtaining the belief that the trial judge harbors one view or another about the facts.

■ (d) Railroad's requested First Point for Charge [4] presupposes that Railroad's liability can only stem from the icy condition on the sidewalk abutting Warner.

It ignores the underlying precept of statutory liability under the Federal Employers' Liability Act predicated upon Railroad's duty to provide plaintiff a safe place in which to work. To expose an employee in a fatigued and exhausted condition to unreasonable peril is negligence whether on Railroad's property or not, so long as the employee's presence upon the premises when he receives his injuries must have been a necessary incident to the discharge of the duties of his employment. Sassaman v. Pennsylvania R., 3 Cir., 144 F.2d 950, 952; Bountiful Brick Co. v. Giles, 276 U.S. 154, 158, 48 S.Ct. 221, 72 L.Ed. 507.

(e) It is contended that the court erred in the wording of Interrogatory Four by asking the jury whether negligence of Warner constituted "the" proximate cause of the accident as distinguished from "a" proximate cause of the accident.

■ Viewed in the light of the instructions to the jury wherein the court meticulously defined proximate cause,[5] I am satisfied that no error exists.

■ Furthermore, even assuming the court committed error by the phrasing of Interrogatory Four, no prejudice could conceivably have been caused Railroad for the reason that since the jury found plaintiff guilty of contributory negligence and the third party defendant, Warner, was not subject to the provisions of the Federal Employers' Liability Act but rather to common law principles, plaintiff's contributory negligence as a matter of law defeated Railroad's claim for contribution or indemnification even if Warner had been found liable. Fort Worth & Denver Railway Co. v. Threadgill, 5 Cir., 228 F.2d 307; Spaulding v. Parry Nav. Co., 2 Cir., 187 F.2d 257; Flusk v. Erie R. Co., D.C., 110 F.Supp. 118.

■ In the case of common law joint tortfeasors, the overwhelming weight of authority holds to the view that where the concurring negligence of the party from whom contribution is sought gives the injured party no cause of action

4. "Under the law and the evidence in this case, your verdict must be in favor of the defendant, unless you find as a fact that it was the duty and responsibility of the defendant to maintain the sidewalk abutting certain property of Warner Brothers Theatres, Inc., in the City of Greensburg, Pa. free and clear of ice and snow on the morning of December 14, 1950 before authorizing and directing plaintiff to traverse said sidewalk enroute to a restaurant for the purpose of securing a meal for himself and lunches for himself and his foreman."

5. "Now, the railroad must prove negligence on the part of Warner Brothers Pictures, Inc. by the fair preponderance or the weight of all the credible evidence, and that the negligence of Warner Brothers Pictures, Inc. was the proximate cause of the accident.

"Now, proximate cause means that the accident or the injuries would not have happened but for the event or events which took place. Proximate cause is commonly expressed or understood as the producing cause of any situation or condition which arises. Proximate cause is defined as: the legal test which must be met in order for something which is the proximate cause to be a legal cause is that it shall have been a substantial contributing factor in bringing about the harm and the accident.

"As thus used, 'substantial' denotes or means the fact that the Warner Brothers' conduct had such an effect in producing the harm as to lead reasonable men to regard it as the cause of the accident and the harm.

"The term 'proximate cause' therefore means a moving or an efficient cause, without which the accident or the injuries would not have occurred."

against him, the claimant cannot recover contribution, even though such concurring negligence was a proximate cause of the injury. 13 American Jurisprudence p. 48; Annotation, 19 A.L.R.2d p. 1003 and cases cited thereunder.

Pennsylvania has apparently adopted a minority view permitting contribution between joint tortfeasors even when the injured party has no cause of action against one of the same, espousing the theory that as between two tortfeasors the contribution is not a recovery for the tort but the enforcement of an equitable duty to share liability for the wrong done. Puller v. Puller, 380 Pa. 219, 110 A.2d 175; Fisher v. Diehl, 156 Pa.Super. 476, 40 A.2d 912; Davis v. Miller, 385 Pa. 348, 123 A.2d 422; Maio v. Fahs, 339 Pa. 180, 14 A.2d 105; Rau v. Manko, 341 Pa. 17, 17 A.2d 422; Shaull v. A. S. Beck New York Shoe Co., Inc., 369 Pa. 112, 85 A.2d 698.

█ I am satisfied, however, that equity, fair play, and justice demand that a joint tortfeasor whose liability is purely statutory should not enjoy the fruits of contribution from a common law joint tortfeasor against whom the injured party has no right of recovery. This conclusion is given credence under Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., under which rule all third party actions are brought into this court, providing, inter alia, that a third party defendant may assert against the third party plaintiff any defenses which the third party plaintiff has to the plaintiff's claim. It must follow, therefore, as a necessary concomitant that since the third party defendant, being a common law tortfeasor, may invoke the defense of contributory negligence against the plaintiff, that the same defense would be available against the third party plaintiff. Thus plaintiff's inability to recover from Warner by reason of his contributory negligence must as a matter of law deny Railroad's claim against Warner for contribution.[6]

After again applying most reflected judgment to the record, I believe that under all the credible evidence justice sustains the jury verdict as rendered.

█ Since plaintiff has realized a payment in the amount of $1,375 from Warner as consideration for the release given Warner, principles of justice and equity should bar plaintiff from recovering twice for the identical accident and injuries. I shall, therefore, direct that Railroad be credited with $1,375 and that said amount be deducted from the judgment upon satisfaction of the same.

An appropriate Order is entered.

6. In this connection, counsel for Railroad adopted in toto plaintiff's testimony in support of its claim of negligence against Warner:

"The Court: * * * Are you offering no testimony other than incorporating as your case the testimony heretofore offered? Do I understand you correctly?

"Mr. Rhodes: Yes, sir. I rest on the testimony introduced on behalf of plaintiff.

"The Court: In other words, the claim of The Pennsylvania Railroad Company, a corporation, against Warner Brothers Pictures, Inc. is based on the testimony that has been heretofore offered by the plaintiff, which you are incorporating, as far as the conditions that existed and the circumstances that arose before and at the time of the accident? You are relying on that testimony as presented in the plaintiff's case?

"Mr. Rhodes: Yes, sir."