Dessie **MAYLE** and Charles D. Norris,
Plaintiffs,

v.

**Harry L. CRISS**, Administrator of the Estate of Robert Carl Criss, Deceased, Defendant and Third-Party Plaintiff, Herbert Miner, Third-Party Defendant.

**Civ. A. No. 14694.**

United States District Court
W. D. Pennsylvania.

Dec. 16, 1958.

See also, 163 F.Supp. 576.

Gilbert J. Helwig, of Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for plaintiff.

Kim Darragh, of Meyer, Darragh, Buckler & McDonnell, Pittsburgh, Pa., for defendant.

Clifford J. Koerth, of Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for third party defendant.

WALLACE S. GOURLEY, Chief Judge.

In connection with these actions based on negligence in which a collision occurred between two automobiles in the State of West Virginia, motion of defendant and third party defendant for summary judgment pose two interesting questions: [1]

I. Does a release directed to an individual and containing general language to include "and all other persons", and assuming that in connection with its execution no misrepresentation, fraud or mutual mistake exist, whether under West Virginia law said release will operate as a bar to recover against persons who neither contributed to its consideration, nor in any way were party to the release?

II. Does a release given by plaintiff to a tortfeasor bar another tortfeasor sued by the same plaintiff from bringing upon the record the released tortfeasor for purpose of contribution?

It is not in dispute that on November 4, 1955 Dessie Mayle executed a release in West Virginia in favor of Herbert Miner.[2]

### I.

Defendant's motion for summary judgment is based on the contention that the release must be construed as releasing "all other persons" aside from Herbert Miner, to whom the release had been specifically directed when executed.

In view of plaintiff filing affidavits alleging misrepresentation and/or mutual mistake, at time of oral argument, counsel for defendant withdrew said motion for summary judgment for the reason that a genuine dispute in fact exists.

Nevertheless, plaintiff advances the further proposition that under the law

[1.] The operator and guests of one vehicle have joined in one complaint actions against the representative of the estate of the deceased operator of the other vehicle: Civil Action No. 14694.

In addition thereto, a separate cause of action has been jointly instituted by the operator (A) and guests (B & C) against the owner (E) claiming agency to have existed by the operator (D) on behalf of the owner (E): Civil Action No. 14670.

The fiduciary or representative of the estate of the deceased operator is the same person as the defendant sued individually as the owner of the vehicle operated by the deceased.

As to the actions of B and C, guests in car of A, against D and E, the defendant in each proceeding has caused to be brought upon the record as third party defendant A, the operator of the other vehicle. Note

Note: Party A — Herbert Miner, owner and driver of car involved in accident.

Party B — Dessie Mayle, passenger in car.

Party C — Charles D. Norris, passenger in car.

Party D — Harry L. Criss, Administrator of the Estate of Robert Carl Criss, deceased, operator of the vehicle.

Party E — Harry L. Criss, individually, owner of other vehicle operated by deceased.

[2.] "Know All Men By These Presents:

That the undersigned, being of lawful age, for the sole consideration of *One Hundred Forty-Two and 82/xx Dollars ($142.82)* to the undersigned in hand paid, receipt whereof is hereby acknowledged do/does hereby and for my/our/its heirs, executors, administrators, successors and assigns release, acquit and forever discharge *Herbert Miner * * ** and all other persons, * * * of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever,

It is understood and agreed * * * that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said releases deny liability therefor and intend merely to avoid litigation and buy their peace."

That portion of the release, quoted above, which is italicized (Herbert Miner's name and the recital of consideration) was handwritten. The remainder of the language was printed on a form.

of West Virginia, assuming misrepresentation or mistake does not exist, said release does not operate to bar plaintiff's cause of action against Robert Carl Criss or Harry L. Criss, administrator of the Estate of Robert Carl Criss.

■ ■ It is not in dispute that the law of West Virginia, the place where the tort occurred and the release was executed, determines the validity and construction of the release, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

West Virginia statute provides that a release to one joint tortfeasor does not operate to release other joint tortfeasors, W.Va. Code § 5481 (55–7–12);[3] Leisure v. Monongahela Valley Traction Co., 85 W.Va. 346, 101 S.E. 737.

■ It appears further to be the well settled law of West Virginia that where parties have contracted for a particular purpose which is expressed by particular words, general words will not be permitted to extend the particular purpose. Taylor v. Buffalo Collieries Co., 72 W.Va. 353, 79 S.E. 27; Bischoff v. Francesca, 133 W.Va. 474, 56 S.E.2d 865; Jones v. Island Creek Coal Co., 79 W.Va. 532, 91 S.E. 391.

■ ■ A release should be construed from the standpoint of the parties at the time of its execution, taking into account the extrinsic circumstances and purposes of the parties. Godfrey L. Cabot, Inc. v. Clarksburg Light & Heat Co., 102 W. Va. 572, 135 S.E. 666; Watson v. Buckhannon River Coal Co., 95 W.Va. 164, 120 S.E. 390; Elswick v. Deskins, 75 W. Va. 109, 83 S.E. 283; Raleigh Lumber Co. v. William A. Wilson & Son, 69 W. Va. 598, 603, 72 S.E. 651. A release should be construed most harshly against the one who prepared the printed form. Henson v. Lamb, 120 W.Va. 552, 199 S.E. 459; Charlton v. Chevrolet Motor Co., 115 W.Va. 25, 174 S.E. 570. Nor should the release be construed to work an unnecessary hardship. Carper v. United Fuel Gas Co., 78 W.Va. 433, 442, 89 S.E. 12, L.R.A.1917A, 171.

■ In view of the manifest law of West Virginia that specific words limit the meaning of general words, and the statutory declaration that a release to one or more joint trespassers shall not inure to the benefit of another such trespasser, it is my judgment that "all other persons" should not be construed to effect the release of Robert Criss, who was not a party to its execution and who paid none of the consideration.

I shall, therefore, direct that said release be barred from introduction as a defense in any of the aforesaid actions in behalf of Robert Carl Criss or Harry L. Criss, Administrator of the Estate of Robert Carl Criss.

## II.

■ Summary judgment should not be entered in favor of Herbert Miner, third party defendant, in the actions in which he has been joined for contribution only, predicated upon the release executed by Dessie Mayle in favor of Herbert Miner, for two cogent reasons:

First: The law of West Virginia allows for contribution following a joint judgment and the payment by one defendant of more than his half of the judgment. W.Va.Code, Section 5482 (55–7–13).

It is true that the third-party defendant can have no liability directly to the plaintiff, but recognizing that plaintiff can make but one recovery and invoking principles of equity, I must conclude that the amount which Herbert Miner paid to secure the release will enure to the benefit of the original defendant in the event of a judgment against him, with or without a finding by the jury

3. Section 5481 of West Virginia Code of 1955 provides:
"Liability of Joint Tort Feasors Not Affected by Release to or Accord and Satisfaction with Another.—A release to, or an accord and satisfaction with, one or more joint trespassers, or tort feasors, shall not inure to the benefit of another such trespasser, or tort feasor, and shall be no bar to an action or suit against such other joint trespasser, or tort feasor, for the same cause of action to which the release or accord and satisfaction relates."

that Herbert Miner is also a joint tort-feasor.

█ It would appear most unfair and contrary to sound law to permit a tort-feasor who is jointly negligent, from manuevering his release from an injured party and thereby escape his equal responsibility with a joint tortfeasor when said joint tortfeasor could exercise no control or prevent the execution of such release.

█ Secondly: This Circuit has recognized the efficacy of permitting a jury's determination on a third party claim where legal issues exist which might conceivably justify reinstatement of the judgment were the court prone to grant judgment in favor of such third party defendant.

Furthermore, I do not believe the authorizing of an appeal on the third-party claim at this time pursuant to 28 U.S. C.A. § 1292(b) as amended by the Act of September 2, 1958 would in any way, either simplify or facilitate this litigation, Panichella v. Penna. R., 3 Cir., 252 F.2d 452.

An appropriate order is entered.