**Harry BONAR and Irma Bonar, Plaintiffs,**

v.

**John R. HOPKINS, Defendant and Third-Party Plaintiff,**

v.

**Valetta N. INCLAN and Larry Inclan, Third-Party Defendants.**

**Civ. A. No. 68–444.**

United States District Court, W. D. Pennsylvania.

April 17, 1969.

William S. Hays, Pittsburgh, Pa., for plaintiffs.

John David Rhodes, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for defendant and third-party plaintiff.

Bliss R. Mentzer, Lancaster, Mentzer & Kunz, Pittsburgh, Pa., for third-party defendants.

OPINION

JOHN L. MILLER, District Judge.

The complaint in this diversity action alleged that on April 23, 1966, plaintiffs were riding as passengers in a car op-

erated by Valetta N. Inclan " * * * in a northerly direction upon U. S. Rt. 19 approximately 171 feet South of Mc-Grann Hills entrance * * * " in Washington County, Pennsylvania. It further alleged that defendant was driving along the same highway in the opposite direction and " * * * negligently caused the aforementioned vehicles to collide * * * " resulting in plaintiffs' injuries.

Defendant answered the complaint denying liability, and filed a third-party complaint against Valetta N. Inclan and Larry Inclan, her husband, and owner of the car in which plaintiffs had been riding, charging them with negligence which caused or contributed to plaintiffs' injuries.

By their answer, third-party defendants denied the allegations of negligence and pled a release which in relevant part provides:

"[Plaintiffs] for the sole consideration of Sixteen Thousand Two Hundred Fifty and 00/100 Dollars to us in hand paid by Valletta Inclan have released and discharged * * * the said Valletta Inclan * * * and all other persons, firms or corporations from all claims, demands, damages, actions, or causes of action, on account of damage to property, bodily injuries or death, resulting, or to result, from an accident * * * which occurred on or about the 23rd day of April, 1966, by reason of automobile accident on Pa. Rt. 19 in Peters Township, near McGrann Hill entrance, Pennsylvania * * *."

By answers to defendant's Requests for Admission of Facts and Genuineness of Documents, plaintiffs asserted that the release was the product of negotiations between their attorney and Mrs. Inclan's insurance carrier, that the release was executed by them, and that the stated consideration was paid to them.

Defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, alleging the absence of a genuine issue as to any material fact and asserting a right to a judgment against plaintiffs as a matter of law.

A substantial amount of the argument regarding this Motion concerned the law applicable. Plaintiffs urge a reference to the West Virginia law, where they are domiciled and where the release was executed. Defendant argues for a reference to the law of Pennsylvania, where it appears that he is domiciled[1] and where plaintiffs' injuries occurred. Both plaintiffs and defendant acknowledge that the rule in Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796 (1964), indicates the criteria for resolving this issue. However, we shall not adjudicate which law is applicable, until it becomes apparent that such conflict exists.

Both parties acknowledge the common law rule that the release of one joint tortfeasor has the effect of discharging all other joint tortfeasors. Both also acknowledge that Section 4 of the Uniform Contribution Among Tortfeasors Act, as enacted by the General Assembly of Pennsylvania, provides: "A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides * * *." 12 P.S. § 2085. However, plaintiffs urge that a different result obtains under a West Virginia statute which provides:

"Liability of Joint Tort Feasors Not Affected by Release to or Accord and Satisfaction with Another.—A release to, or an accord and satisfaction with, one or more joint trespassers, or tort feasors, shall not inure to the benefit of another such trespasser, or tort-feasor, and shall be no bar to an action or suit against such other joint

---

1. Defendant admitted the complaint's allegation that he was and is a "resident of the State of Pennsylvania." However, plaintiffs have subsequently argued that defendant is a citizen of Ohio.

trespasser, or tort feasor, for the same cause of action to which the release or accord and satisfaction relates." Michie's Code of 1966, § 55–7–12.

Plaintiffs seek to deny defendant the benefit of the release by relying on Mayle v. Criss, 169 F.Supp. 58 (W.D. Pa.1958), which construed a release analogous in all material terms to the release involved in the instant action. The Court concluded:

"In view of the manifest law of West Virginia that specific words limit the meaning of general words, and the statutory declaration that a release to one or more joint trespassers shall not inure to the benefit of another such trespasser, it is my judgment that 'all other persons' should not be construed to effect the release of [defendant], who was not a party to its execution and who paid none of the consideration." 169 F.Supp. 60.

Reviewing the construction of the release in Mayle v. Criss, we note that the law of West Virginia observes the customary rule of contract construction which requires that the intent of the parties as gathered from the entire language of the instrument be ascertained. Bowlby-Harman Lumber Co. v. Commodore Services, Inc., 144 W.Va. 239, 107 S.E.2d 602 (1959); Eastern Gas and Fuel Associates v. Midwest-Raleigh, Inc., 374 F.2d 451 (4 Cir. 1967), cert. den. 389 U.S. 951, 88 S.Ct. 333, 19 L.Ed. 2d 360 (1967). As is apparent from the context of cases relied upon in Mayle v. Criss, supra, West Virginia courts apply the "ejusdem generis" rule only where the intent of the parties to the instrument is itself ambiguous. See also Lewis v. Barnes Contracting Co., 179 F.Supp. 673 ( N.D.W.Va.1959); Phillips v. Houston National Bank, 108 F.2d 934 (5 Cir. 1940); cf. Restatement of Contracts, § 236(c).

In Panichella v. Pennsylvania R. Co., 150 F.Supp. 79 (W.D.Pa.1957), cause remanded 252 F.2d 452 (3 Cir. 1958), the Court in a pretrial proceeding found that a release materially analogous to those involved in Mayle v. Criss, supra, and the case at bar was ambiguous. In a subsequent review, the Court of Appeals for the Third Circuit inferentially repudiated these findings and gave effect to the release to exculpate the liability of a stranger to its negotiation and execution. Panichella v. Pennsylvania R. Co., 268 F.2d 72 (3 Cir. 1959), rev'g 167 F.Supp. 345 (W.D.Pa.1958). Since the release is clear and unambiguous, the rule of construction urged in Mayle v. Criss, supra, is inapposite.

Reviewing now the Court's construction of the West Virginia statute in Mayle v. Criss, supra, we can not agree that it denies effect to the release as it pertains to defendant. In Leisure v. Monongahela Valley Traction Co., 85 W. Va. 346, 101 S.E. 737 (1920), relied upon by the Court, the release by its terms ran only to the party supplying the consideration. The same appears true of the releases involved in other cases either cited by counsel or reviewed in the course of our own research. Duncan v. New River & Pochahontas Consolidated Coal Co., 114 W.Va. 388, 174 S.E. 370 (1933); New River & Pochahontas Consolidated Coal Co. v. Eary, 115 W. Va. 46, 174 S.E. 573 (1934); Rice v. Builders Material Co., 120 W.Va. 585, 2 S.E.2d 527 (1938); Hardin v. New York Central R. Co., 145 W.Va. 676, 116 S.E.2d 697 (1960); Butler v. Smith's Transfer Corp., 147 W.Va. 402, 128 S.E. 2d 32 (1962).

In each instance the principle, that the release of one joint tortfeasor does not operate to release other joint tortfeasors, was invoked to answer argument urging a result in accordance with the contrary pre-statutory rule that a release of one tortfeasor releases all joint tortfeasors. The West Virginia decisional law has not applied the statute to a release analogous to that at bar.

Section 885(1) of the Restatement of Torts, states "a modification of earlier common law rules." Restatement, Torts, § 885, comment b. It asserts:

"A valid release of one tortfeasor from liability for a harm, given by

the injured person, discharges all others liable for the same harm, unless the parties to the release agreed that the release shall not discharge the others, and, if the release is embodied in a document, unless such agreement appears in the document." Restatement, Torts, § 885(1).

Section 4 of the Uniform Joint Contribution Among Tortfeasors Act and Section 4 of the Uniform Joint Obligations Act which modify the earlier common law rule, enforce the agreement of the parties to the release regarding its scope. Statutes in Florida, Fla.Stat. § 54.28, F.S.A., and Michigan, Comp.Laws. 691.562, have abolished the common law rule without explicit reference to the effect of a release with a scope broader than the named parties thereto. A Missouri statute, Rev.Stat. § 537.060, is likewise silent. Yet a Missouri court has held that a release acknowledging that the consideration received is in full satisfaction of the releasee's injuries is effective to discharge the obligations of other joint-tortfeasors. New Amsterdam Casualty Co. v. O'Brien, 330 S.W.2d 859 (Mo.1960). Except for Mayle v. Criss, *supra,* neither the statutes nor the decisional law modifying the common law cited to us denies effect to the scope of the release as agreed to by the parties.

In Mayle v. Criss, supra, the Court refused to allow the defendant to benefit from the release, because he " * * * was not a party to its execution and [he] paid none of the consideration." 169 F.Supp. 60. Plainly neither is required by the express language of the West Virginia statute.

Lastly, there is nothing inconsistent between giving effect to the clear intent of the release at bar and the language of the West Virginia statute. By its terms, the agreement is "a release to all other persons," the latter term reasonably including defendant. Cf. Hasselrode v. Gnagey, 404 Pa. 549, 172 A.2d 764 (1961).

For the reasons above-stated, we are unable to construe the governing West Virginia statute in accordance with Mayle v. Criss, *supra.* On the contrary, we conclude that West Virginia's legislation establishes a rule of law identical in result to Pennsylvania's.

Plaintiffs also argue that the release may not be given effect to release defendant in the absence of a judicial determination that the Inclans were liable for plaintiffs' injuries.

Although the earlier precedents are not uniform, cf. Peterson v. Wiggins, 230 Pa. 631, 633, 79 A. 767 (1911), it now appears well-settled in Pennsylvania that, "[a] release given to one not shown to be liable does not release a tortfeasor." Union of Russian Societies of St. Michael & St. George v. Koss, 348 Pa. 574, 578, 36 A.2d 433 (1944); cf. Koller v. Pennsylvania R. Co., 351 Pa. 60, 40 A.2d 89 (1944); Wilbert v. Pittsburgh Consolidation Coal Co., 385 Pa. 149, 122 A.2d 406 (1956); Mazer v. Lipshutz, 360 F.2d 275 (3 Cir. 1966).

In a number of these precedents, the terms of the release are not reported in the opinions. However, from the Court's treatment, it appears that the party procuring the release was the sole stated beneficiary. Peterson v. Wiggins, *supra;* Thomas v. Central R. Co. of New Jersey, 194 Pa. 511, 45 A. 344 (1900); Union of Russian Societies, etc. v. Koss, *supra;* Mason v. C. Lewis Lavine, Inc., 302 Pa. 472, 153 A. 754 (1931); Koller v. Pennsylvania R. Co., *supra;* Wilbert v. Pittsburgh Consolidation Coal Co., *supra;* Davis v. Miller, 385 Pa. 348, 123 A.2d 422 (1956); Brown v. Pittsburgh, 409 Pa. 357, 186 A.2d 399 (1962); Jones v. Waterman S. S. Corp., 60 F.Supp. 30 (E.D.Pa.1945), rev'd 155 F.2d 992 (3 Cir. 1946); McClure v. Pennsylvania R. Co., 53 Pa.Super. 638 (1913); Rosenfeld v. Stauffer, 121 Pa.Super. 103, 182 A. 714 (1936); Masters v. Philadelphia Transportation Co., 160 Pa.Super. 178, 50 A.2d 532 (1947).

In Panichella v. Pennsylvania R. Co., 268 F.2d 72 (3 Cir. 1959), rev'g 167 F.Supp. 345 (W.D.Pa.1958), the plaintiff gave a release containing an omnibus clause similar to that invoked in

the case at bar to the third-party defendant. Prior to trial, the District Court denied the defendant's motion to dismiss. Panichella v. Pennsylvania R. Co., 150 F.Supp. 79 (W.D.Pa.1957), remanded 252 F.2d 452 (3 Cir. 1958). Thereafter, the jury in response to special interrogatories found the defendant guilty of negligence and the third-party defendant free of negligence. Motions for judgment n. o. v. or a new trial were denied.

On appeal, the judgment for the plaintiff was reversed; the Court holding the release to bar the plaintiff's claim against the defendant. Although the case was deemed by both Courts to be governed by federal law, it is significant that the jury's finding that the third-party defendant was not negligent did not bar applying the release to the defendant's benefit. For federal law also recognizes the doctrine that the release of one who in fact is not liable for an injury to another does not operate to release the culpable tortfeasor. Hume v. American-West African Line, Inc., 36 F. Supp. 880 (S.D.N.Y.1941), rev'd on other grounds sub nom. Hume v. Moore-McCormack Lines, 121 F.2d 336 (2 Cir. 1941), cert. den. 314 U.S. 684, 62 S.Ct. 188, 86 L.Ed. 547 (1941).

Both Hasselrode v. Gnagey, *supra*, and Long v. Heinberger, 195 F.Supp. 835 (M.D.Pa.1961), concerned releases with broad language akin to that of the release at bar. Without adjudicating the liability of the named releasee, both Courts held the release effective to discharge the liability of defendants seeking exculpation under the "other persons" clause.

Although the two lines of cases reviewed appear to conflict, we believe that they are reconcilable, although the deciding Courts have not sought to accommodate them to each other. The doctrine pertaining to the effect of a release to one who is not liable for an injury was adopted to narrow the scope of the harsh common law rule. See Anno. 73 A.L.R.2d 403, 417. We do not deem the results of the case law regarding this rule as inconsistent. Courts were perhaps justified in seeking devices, albeit somewhat artificial ones, to excuse claimants from the effect of certain releases mandated solely by operation of law. However, where, from the terms of the release, it must be apparent to the claimant that its execution forecloses further compensation from any source, the result is one voluntarily accepted by the claimant himself.

No authority has been tendered suggesting that West Virginia's law is contrary in this regard. Accordingly, in the absence of demonstrable difference between the law of the two jurisdictions, we shall apply the law of the forum. Cf. Continental Casualty Co. v. Thompson, 369 F.2d 157, 158n (9 Cir. 1966).

An appropriate order will be entered.

## ORDER OF COURT

And now, to-wit, this 17 day of April, 1969, it is hereby ordered and directed that the motion of the defendant for Summary Judgment against the plaintiffs be and the same hereby is granted.