# CHARLESTON.

CLEMENCE E. LEISURE *v.* MONONGAHELA VALLEY TRACTION CO.

Submitted January 14, 1920.    Decided January 20, 1920.

1.  RELEASE—*As Used in Code Provision Defining Effect of Release to One Joint Trespasser, Defined.*

    The word trespasser as used in §7 of ch. 136 of the Code includes every person guilty of any tortious infringement upon the rights of another.   (p. 347).

2.  SAME—*Under Statute Satisfaction or Release by One Joint Tort Feasor Does Not Bar Action Against Other.*

    In an action for damages for an injury alleged to be the result of the negligence of another, a plea charging that the negligence alleged, if any, is the joint negligence of the defendant and another person, and that the plaintiff has received satisfaction from such other person, and executed a release to him because of such injury, is not a bar to an action by the injured party against a joint tort feasor with whom no such settlement is made.   (p. 347).

Certified Questions from Circuit Court, Wood County.

Suit by Clemence E. Leisure against the Monogahela Valley Traction Company. Plea rejected, and question certified.

*Affirmed.*

*C N. Matheny* and *V. B. Archer,* for plaintiff.
*Kreps, Russell & Hiteshew,* for defendant.

RITZ, JUDGE:

Plaintiff instituted this suit to recover damages for an injury which he alleges he sustained by being knocked from the top of a car by coming in contact with an overhead wire belonging to the defendant. Plaintiff was a brakeman in the employ of the Baltimore & Ohio Railroad Company, and while standing on top of a moving car in the discharge of his duties as such brakeman, he came in contact with an overhead wire of the defendant which it is alleged was negligently placed at an insufficient distance above the top of the car, as a result of which he was thrown from the car and injured. The defendant filed a special plea alleging that the plaintiff's injury, if any was sustained by him, was the result of the concurrent or joint negligence of itself and plaintiff's employer, the Baltimore & Ohio Railroad Company; that the railroad company was negligent in placing him in an employment of such dangerous character, as well as the defendant in making the place dangerous; and that the said railroad company and the defendant were joint tort feasors; that the said railroad company paid to the plaintiff a sum of money, the amount of which is not specified, in full satisfaction of the injuries sustained by him, and received from him a release of all liability because of said injury, and that the legal effect of this release of the said railroad company is to release and discharge this defendant from any suit because of the injuries sustained by the plaintiff on the occasion referred to. The court rejected this plea and certifies the same to this Court for its opinion thereon.

It seems to be that formerly the law was that where an injured party accepted satisfaction from one joint tort feasor, and executed a release in consideration thereof, he thereby released all others engaged in the tort. *Ruble* v. *Turner,* 2 Hen. & M. 38; *Bloss* v. *Plymale,* 3 W. Va. 398. But how is this doc-

trine affected by our statute, § 7, ch. 136 of the Code, which provides: "A release to or an accord and satisfaction with one joint trespasser heretofore executed or had, shall not inure to the benefit of another such trespasser and shall be no bar to an action or suit against such joint trespassers for the same cause of action to which the release or accord and satisfaction relates." The plaintiff contends that by reason of this statute his acceptance of satisfaction from the Baltimore & Ohio Railroad Company, and the execution of a release to it, did not have the effect of releasing the defendant here from liability to him, while the defendant argues that that statute has no application to this case. It will be noted that the Act provides that a release to or an accord and satisfaction with one joint trespasser shall not inure to the benefit of another such trespasser. The defendant argues that the word trespasser used in the statute is not as broad as the expression, tort feasor, but must be limited to include only such persons as have inflicted an injury by a direct application of force, either to the person or property of another, and cannot be taken to include those persons who are responsible for an injury to another by reason of the negligent doing of some act, or the negligent failure to perform some duty, which results in consequential injury to another. The correctness of the ruling of the court below depends, of course, upon the proper construction of this term. Can it be said that the Legislature in using the word trespasser in the section of the statute above quoted intended to confine it to a meaning so narrow as to include only those who were guilty of a wrong for which the technical action of trespass could be maintained, or was this word used in that broader and more general sense as indicating any person who might be guilty of an infraction of the legal rights of another? If the Legislature had been treating of the character of action that might be brought in a particular instance, we would, no doubt, be constrained to hold that the word must be confined to its limited technical legal sense, but this statute was enacted to define the rights of parties generally, and determine their relative duties. Under these circumstances we must give to the word trespasser the sense which it ordinarily conveys. It may be said that the synonym of trespass in law latin is *transgressio,* a word which in its general signification embraces every in-

fraction of a legal right. It comprehends not only forcible wrongs, but also acts, the consequences of which make them tortious. In general it may be said that any misfeasance or conduct of one man whereby another is injuriously treated or damnified is a trespass in the general sense in which that word is used. *Cox* v. *Strickland*, 120 Ga. 104, 1 Am. & Eng. Ann. Cases, 870; 3 Bouvier's Law Dictionary, 3319.

Our conclusion is, therefore, that the execution of the release by the plaintiff to the Baltimore & Ohio Railroad Company, set up and relied upon in the special plea, is not a bar to the plaintiff's cause of action, if any he has, against the defendant.

Whether the defendant can prove the amount received by the plaintiff from the railroad company, the other joint tort feasor, in reduction of any damages which might be allowed to him in this case, we cannot decide upon this certificate. Our jurisdiction is strictly appellate. That question has not yet arisen in the court below, and has consequently not been determined there, wherefore we are without jurisdiction to pass upon it here.

Our conclusion is that the circuit court properly rejected the plea, and we answer the question certified accordingly.

*Affirmed.*