BERTHA SPONDURIS *v.* S. M. RAMEIH

(No. 8748)

Submitted October 4, 1938. Decided November 1, 1938.

*W. A. Thornhill, Jr.,* and *W. W. Goldsmith,* for plaintiff in error.

*Ashworth & Sanders,* for defendant in error.

KENNA, JUDGE:

This is an action in assumpsit brought in the Circuit Court of Raleigh County by Bertha Sponduris against S. M. Rameih. The declaration, which included only the common counts, was filed at September Rules, 1933, the amount sought to be recovered being nineteen hundred sixty-three dollars. An account was filed with the declaration, which, including interest, brought the amount alleged to be due the plaintiff to two thousand four hundred thirty-nine dollars and forty-eight cents. On October 12, 1934, an order was entered referring the action to one of the commissioners in chancery for the purpose of having him "take, state and report" an account between the plaintiff and the defendant, the order containing a recital that the matters involved are such that "an account should be stated between the parties." The reference was upon motion of the defendant, the granting of which was resisted by the plaintiff. The commissioner's report was filed October 10, 1935, finding for the plaintiff in the sum of one thousand two hundred twenty-eight dollars and sixty-nine cents, to which finding and report the defendant had, before the commissioner, filed exceptions.

On March 20, 1936, the defendant pleaded non-assumpsit and demanded a jury trial, whereupon the case was presented to the jury and a verdict was rendered, the form of which was that the jury found the defendant "does not owe the plaintiff Bertha Sponduris anything" and the plaintiff "owes the defendant nothing." Based upon these specific findings the general verdict was for the defendant. The plaintiff moved the court to set aside the jury's verdict and award her a new trial. The order shows eighteen specific grounds for the plaintiff's motion.

On October 7, 1937, the court passed upon the plaintiff's motion to set aside the verdict of the jury and found in her favor. Instead, however, of granting the plaintiff's motion to award her a new trial, the court proceeded to confirm the report of the commissioner in

chancery and to enter judgment for the plaintiff, based upon the commissioner's report, for the sum of one thousand two hundred twenty-eight dollars. The trial court made its written opinion a part of the record, by which it is disclosed that the trial judge not only, as required by statute, regarded the commissioner's report as being *prima facie* correct, but concluded that nothing had been brought forth in the testimony to overcome that presumption, and that the findings of fact by the commissioner were binding upon the jury when the evidence before it was the same as that before the commissioner. Therefore, supposedly based upon this Court's holding in the case of *Kinsey* v. *Carr*, 60 W. Va. 449, 55 S. E. 1004, and *Hoover-Dimeling Lumber Company* v. *Neill*, 77 W. Va. 470, 87 S. E. 855, 11 A. L. R. 575, the commissioner's report was reinstated and judgment based thereon was entered. This was the course pursued in both of the cases cited by the trial judge in his written opinion, the fundamental distinction, however, between them and this case being that in both the *Lumber Company* case and the *Kinsey* case the fact-finding decision had by agreement of the parties been submitted to the trial judge in lieu of a jury, so that in neither case did the judgment rest upon the statutory presumption. That is not so in the case at bar. The right to a jury trial in law cases, restricted to cases involving more than a fixed amount by section 13 of Article III of our Constitution, had not been waived by the defendant.

The trial court's statement that in his opinion there was nothing to change the *prima facie* case made by the report of the commissioner we do not believe is sustained by the record. See *Kinsey* v. *Carr*, 60 W. Va. 449, bottom page 450, 55 S. E. 1004. Without going into the detail of all of the conflicting proof or considering the expressed doubt that dwelt in the mind of the commissioner, we think it is relatively clear that, disregarding the commissioner's report, the trial court would not have been justified in entering a judgment *non obstante* in favor of either party or for any particular sum of money.

The conflicting proof would prevent this. The case was not submitted to the court in lieu of a jury. Of course, the commissioner's report, in accordance with the provisions of the statute, must be regarded as *prima facie* correct. However, defendant's request for a jury trial, coupled with the presentation of testimony against every item claimed by the plaintiff, overcame that presumption. The presumption, to which there attaches no finality, having been overcome, the final determination upon the conflicting proof rested with the jury. The jury found for the defendant.

In the case of *Hoover-Dimeling Lumber Company* v. *Neill,* 77 W. Va. 470, 87 S. E. 855, 11 A. L. R. 575, there is also a very enlightening discussion of what constitutes "an account stated." There is a palpable distinction between the meaning of this phrase as used in the statute under consideration and its meaning as used in stating the general law of evidence. See the Annotation, 11 A. L. R. 586, and the cases there cited. The commissioner's report includes eleven printed pages in this record of an itemized account which, exclusive of two items of $1,000.00 and $500.00 each, is based upon items ranging all the way from fifteen cents to one hundred and two dollars and seventy-five cents, the greater number being for less than one dollar. Every item is controverted.

An examination of the transcript of evidence taken before the commissioner, filed with his report and introduced before the jury (the statute not authorizing this to be done with the evidence taken before the commissioner, quaere: Would it be permissible over objection?), as well as of the evidence heard originally by the jury, discloses that the controversy between the plaintiff and the defendant rested almost entirely upon conflicting evidence. There is no clear preponderance of the testimony favoring either party in any particular amount. A clear preponderance, it seems, is the only justification that the trial court has upon the law side for directing a verdict or in any other manner passing

upon the testimony other than by consent of the parties. A judgment *non obstante* cannot be based upon the trial court's finding of fact. *Clise* v. *Prunty,* 112 W. Va. 181, Pt. 1, Syl., 163 S. E. 864.

Therefore, the judgment of the trial court is reversed, the verdict reinstated and judgment is entered here for the defendant, with costs.

*Reversed; judgment here.*