FLORA RICE *v.* BUILDERS MATERIAL COMPANY

(No. 8786)

Submitted October 16, 1938.    Decided November 10, 1938.

*Poffenbarger & Poffenbarger* and *J. Blackburn Watts,* for plaintiff in error.

*R. E. McCabe* and *R. N. Stephens, Jr.,* for defendant in error.

KENNA, JUDGE:

On June 3, 1937, Mrs. Flora Rice was driving a 1937 Chevrolet sedan from Charleston to Poca, West Virginia. She was taking Mr. Rice home from the Mountain State Hospital, where, on the previous day, his tonsils had been removed. They had driven along Route thirty-five and had almost reached what is locally known as Tyler Mountain. It was raining. The car Mrs. Rice was driving in rounding a curve to her left, at a speed approxi-

mating fifteen or twenty miles an hour, collided with a truck loaded with sand, going in the opposite direction and being driven by Jack King, which skidded and the back end of it struck Mrs. Rice's sedan on the left side at the point where the front seat connects with the left side of the car's body. Mrs. Rice's car was being driven to the right of the white mark locating the middle of the road, and the truck was being driven to the left of it, meaning, in each instance, the direction in which the driver was facing. The plaintiff's evidence was that the truck was running at a speed between fifty and sixty miles an hour and that King at the time of the accident admitted his fault.

Mrs. Rice was very severely injured. She went to the hospital where she remained ten days, returned home and was there bedridden for approximately ten more days. For about thirty days thereafter, she was in bed a part of the time. This action of trespass on the case was brought in the Court of Common Pleas of Kanawha County August 13, 1937. The defendant, Builders Material Company, a corporation, pleaded not guilty, the case was tried, and on the 29th day of November, 1937, a verdict for eight thousand dollars in favor of the plaintiff was returned. Thereafter, the defendant moved to set aside the verdict and asked leave to file in support of that motion an affidavit to the effect that when the jury was drawn the name of B. F. Wright, who was a contractor, according to the information furnished upon the jury list, was called as one of the panel of twenty, and, believing that B. F. Wright was the Wright whose name appeared upon the list of the panel from which jury was chosen, the defendant did not strike him and he remained upon and served as a member of the jury. After the verdict had been rendered, defendant found that B. F. Wright had not responded but that one "Jake" or Jacob S. Wright, who, upon information, is stated not to be a reliable and substantial citizen, responded and served upon the jury. The trial judge refused to permit the filing of the affidavit, and declined to entertain the

motion to set aside the verdict on the ground that the defendant did not have a fair and impartial trial. However, the court proceeded to find that the jury had rendered a verdict contrary to the law and the evidence, the amount of which was excessive, and expressly found that under the proof there was no relationship of master and servant between the defendant, Builders Material Company, and Jack King, the driver of the truck which collided with plaintiff's car, upon which the declaration was predicated, and proceeded to set aside the verdict, apparently for that reason. After having set the verdict aside for the reason stated, the trial court further proceeded to render judgment *nil capiat* based entirely upon the failure of the plaintiff's proof. The plaintiff prosecutes this writ of error.

There are three main questions raised in addition to the contention of the plaintiff in error that a judgment *non obstante veredicto* cannot be rendered upon the insufficiency of the plaintiff's evidence. These cross-assignments of the defendant below are that it was error justifying the trial court's disposition of the action:

First: Not to give the jury a peremptory instruction directing it to find for the defendant on the ground that the proof failed to establish that King was the servant of defendant.

Second: Not to give defendant's instruction number four based upon a release that the plaintiff had given Hubert Jones, the owner of the truck driven by King.

Third: To refuse to permit the defendant to file the affidavit concerning the fact that, instead of B. F. Wright, whose name was called, serving upon the jury, a person named Jacob S. Wright responded to the call and remained upon the jury because of the incorrect impression of defendant's counsel that the Wright whose name was called was a contractor, with the consequence that the jury which tried the case was not a fair and impartial one.

Dealing first with the cross-assignments and consid-

ering them in reverse order to their statement above, while we cannot approve of the trial judge's having disregarded the affidavit concerning the substitute alleged to have responded when the jury panel was called and to have served upon the jury, which was certainly a matter that attorneys representing both sides would have welcomed inquiry concerning, we nevertheless do not believe that the affidavit is sufficient to require that the verdict be set aside. The affidavit states that B. F. Wright was listed as a contractor, and in view of the fact that the case involved the haulage of building material and the question of whether the driver of the truck was defendant's servant or the servant of an independent contractor, the defendant left the name of B. F. Wright on the panel. Perhaps the defendant used its peremptory challenges based upon erroneous information. But there is no statutory or other requirement that litigants be furnished with information concerning members of the panel. That which the clerk does furnish is merely a gratuitous accommodation and should be treated so. The affidavit does not state that Jacob S. Wright was not on the *venire*, and the resultant presumption is that he was. The statement in the affidavit on information that he is not a "reliable and substantial citizen" is not sufficient to show that there was reason to challenge him for cause. Had there been, a different question would be presented. Therefore, although we do not regard the attitude of the trial judge, as disclosed by the record, as exacting as it might justifiably have been on this sort of matter, we see no prejudicial error on this point. Evidently the juror who served was not disqualified for any statutory reason. (See Code, 52-1-4,-5, and Code, 61-5-3). However, in view of the disposition of this writ of error, this question becomes immaterial.

Concerning the trial court's refusal to give defendant's instruction number four, relating to a release executed by the plaintiff and her husband to Hubert Jones, we need only comment upon the fact that the record does not disclose that the defendant took exception to the trial court's

refusal to give the instruction mentioned. Sub-paragraph (e) of Rule VI of the Rules promulgated under Chapter 37 of the Acts of 1935, contains a sentence which reads as follows: "Exceptions to the refusal to grant or to granting the same or to modified instructions shall be made at the time, or the same shall be deemed to be waived." 116 W. Va. lxiii. The reference is to instructions, and the defendant, therefore, has waived any error that the trial court may have committed in refusing its instruction number four.

The question of whether the release executed by the plaintiff and her husband to Hubert Jones would or would not operate to release the defendant below, viewed in the light of the manner in which this writ of error is disposed of, is one upon which this Court probably should indicate its views. Without undertaking to commit ourselves under the doctrine of *stare decisis,* we incline to the view that the case of *Leisure* v. *Traction Company,* 85 W. Va. 346, 101 S. E. 737, construing what is now Code, 55-7-12, precludes the admissibility of this release in so far as it bears upon the plaintiff's right against the defendant.

Coming to the first cross-assignment we are of the opinion that it is well taken. Under the proof disclosed by this record Hubert Jones employed Jack King to drive a truck owned by himself. Jones entered into a contract with Builders Material Company, which had its own trucks for the same use, for the delivery of material under which the compensation for haulage was to be adjustable on a zoning basis. It is not shown that the selection of drivers was to be subject to the approval of Builders Material Company, nor that they were to have any control of the conduct and actions of the persons who were to drive Jones' trucks. Jones employed Jack King, and agreed that after gasoline and oil were paid for out of the receipts under Jones' haulage contract, King should receive forty per cent of the amount of such proceeds remaining. The record discloses that on at least one occasion Jones called King away from the de-

fendant's yard and directed him to go elsewhere under another haulage contract that Jones had entered into. The defendant delivered to King at its yard a bill of lading covering the material that was loaded into the truck that he drove, and this is the only direction defendant exercised over his conduct. The extent to which the defendant participated in King's activities was in furnishing him help in loading and unloading heavy material.

We are of the opinion that the evidence clearly preponderates in establishing that Hubert Jones was an independent contractor under whom Jack King served. *Greaser* v. *Appaline Oil Company*, 109 W. Va. 396, 155 S. E. 170, and *Malcolm, Admr.* v. *American Service Company*, 118 W. Va. 637, 191 S. E. 527. We are fully aware of this Court's ruling in *Hicks* v. *Southern Ohio Quarries Company*, 116 W. Va. 748, 182 S. E. 874. However, the uncontroverted facts disclosed by this record, we believe, justify no other reasonable inference than that King was the servant of Jones, an independent contractor.

From the above observations it does not result, however, that the trial court's ruling in entering a judgment *non obstante veredicto* can be sustained. It did not rest upon the state of the pleadings and was plainly based upon a finding of fact. While that finding of fact in the present state of the record would have been justified, after verdict the fact-finding period of a trial has been passed. The plaintiff has been denied the right to introduce further proof and the case has been submitted to the jury upon the theory that the plaintiff's proof adduced warrants that course. A judgment *nil capiat* after the case has been submitted to the jury which has found in favor of the plaintiff constitutes an unexpected change in the opinion of the trial judge. A judgment notwithstanding the verdict cannot be based upon a finding of fact. *Sponduris* v. *Rameih*, 120 W. Va. 536, 199 S. E. 457.

The trial court's finding that the verdict was excessive is, of course, not now in point. Comparable to the limited recovery for death by wrongful act which has been

in effect in West Virginia since 1882, undoubtedly the verdict is excessive. There is, of course, no set standard by which we can be guided. But in view of the obviously painful injury sustained by Mrs. Rice, the duration of its effects, and the fact that even at the time of trial she testified that she had not completely recovered, we do not think that it should have been set aside because its excessiveness shocked the conscience.

The judgments of the Circuit Court and Court of Common Pleas of Kanawha County are reversed, and the case is remanded for a new trial.

*Reversed and remanded.*

MAXWELL, PRESIDENT, dissenting:

In the case of *Hicks* v. *Southern Ohio Quarries Company*, 116 W. Va. 748, 182 S. E. 874, we held: "In a case involving the relationship of independent contractor, although the facts may be undisputed, the issue should be submitted to the jury and not decided by the court as a matter of law unless the facts are such as would justify but one reasonable inference." It is my opinion that the instant case presents a situation wherein the question whether Hubert Jones was an employee of Builders Material Company or was an independent contractor is properly one for jury determination, and that the finding of the jury should be conclusive. It is therefore my view that the judgment of the trial court should be reversed, the verdict reinstated and judgment rendered here on the verdict.