Rose A. Tennant, *Guardian, etc., et al.*

*v.*

Gerald R. Craig

(No. 13182)

Submitted February 6, 1973.      Decided April 10, 1973.

*Robert W. Dinsmore, L. Edward Friend, II, Donald E. Price,* for appellants.

*Baker & Armistead, Charles S. Armistead,* for appellee.

CAPLAN, JUDGE:

This is an appeal from a judgment of the Circuit Court of Monongalia County in an action instituted by the plaintiffs, Rose A. Tennant, guardian for Bernice Tennant, an infant, and Stella B. Tennant, guardian for Byron Tennant, an infant, for the recovery of damages suffered by said infants by reason of the alleged negligence of the defendant, Gerald R. Craig. Upon the dismissal of this action pursuant to a motion of the defendant under Rule 41 (b) of the West Virginia Rules of Civil Procedure the plaintiffs prosecute this appeal.

This controversy arose as a result of a collision between an automobile occupied by Byron Tennant, the driver, Bernice Tennant, his wife, and John Tennant passengers, and a pickup truck driven by defendant Craig. According to the complaint filed by the plaintiffs, the Tennants, on

September 17, 1969 were travelling in an easterly direction on West Virginia Route No. 7, near Morgantown. At the same time and place the defendant, operating a 1966 model Ford pickup truck, while also driving in an easterly direction and following the Tennants' vehicle, collided with the rear end of said forward automobile. It is alleged in the complaint that the collision and resultant injuries to Bernice and Byron Tennant were caused by the negligence of Gerald R. Craig. It is further alleged therein that the Tennants suffered severe injuries as a result of said negligence and damages were requested in the sum of $320,000.00 for Bernice Tennant and $114,000.00 for Byron Tennant.

While the complaint alleges that the aforesaid injuries were the result of the negligent driving of defendant Craig and makes no mention of a collision with another vehicle, the record reveals that the Tennant automobile was struck head-on by a car driven by Charles B. Spitznogle immediately prior to or at the same time the rear-end collision occurred with the Craig pickup truck. As a result of the head-on collision, which obviously at least contributed to the injuries suffered by the Tennants, a settlement for such injuries was made by Spitznogle with the Tennants.

Bernice and Byron Tennant, being infants, it became necessary under the provisions of Code, 1931, 44-10-14, for the settlement to be approved by the Circuit Court of Monongalia County. Pursuant thereto, petitions were filed by the aforesaid guardians of these infants for the approval of such settlements. The petitions revealed that as the car driven by Charles B. Spitznogle rounded a curve it slid on the wet pavement across the center line and struck the Tennant vehicle. The petitions further detailed the injuries suffered by each of the Tennants and set out the requested amounts of settlement which were in the sum of $25,000.00 for Bernice Tennant and $19,000.00 for Byron Tennant. The petitions in these summary proceedings do not make any mention of the rear-end collision in which defendant Craig was involved but

related only the facts concerning the Spitznogle and Tennant vehicles. Subsequent to the settlement with Spitznogle, the plaintiffs instituted this action.

Prior to the date upon which this action was set for trial the defendant moved that the plaintiffs not be permitted to refer to the settlements made with Spitznogle and that the plaintiffs be limited in their evidence to injuries sustained as a result of the rear-end collision. When the court sustained these motions the plaintiffs filed a motion for permission to amend their complaint so as to allege all of the evidence surrounding the collision which would show, according to the allegations, that Spitznogle and Craig were joint tort-feasors. The court overruled the motion and would not permit an amendment of the complaint on the ground that the position desired to be taken in the amended complaint would be inconsistent with that taken in the summary proceedings and that the admission of facts in the summary proceedings was binding and conclusive as to the plaintiffs. Thereupon the plaintiffs advised the court that they could not separate the injuries caused by the rear-end collision from those caused by the head-on collision and requested the court to enter summary judgment for the defendant. This, the court refused to do. Alleging that the plaintiffs thereby failed to further prosecute their case the defendant moved for dismissal under R.C.P., Rule 41(b). The court sustained the defendant's motion and by its order entered on May 28, 1971 this action was dismissed.

Although the plaintiffs assign numerous errors on this appeal, the principal issue to be resolved is the propriety of the ruling of the trial court wherein it refused to permit the plaintiffs to amend their complaint to allow them to allege concurrent negligence by joint tort-feasors as the cause of the injuries of which complaint is made.

It is acknowledged by the defendant that a plaintiff may elect to sue one or more joint tort-feasors. However, the defendant further says that inasmuch as the plaintiffs

elected to settle with Spitznogle for all of the damages suffered as a result of the accident, they could not now seek recovery against defendant Craig. An examination of the orders entered in the summary proceedings, wherein the settlements for the infants were approved, shows that Mr. Spitznogle was released "for all damages, claims and demands of every kind and character of [Byron and Bernice Tennant] * * * against him, the said Charles B. Spitznogle." The settlement did not purport to cover all the damages suffered by the infants, but constituted an agreement to release Spitznogle for the amounts therein designated.

As noted by the defendant, the plaintiffs are entitled to only one satisfaction for the injuries suffered as a result of the accident. The compromise settlement with Spitznogle is a part of such satisfaction. This Court said in Point 2 of the Syllabus of *Hardin v. The New York Central Railroad Company,* 145 W.Va. 676, 116 S.E.2d 697, "Where a payment is made, and release obtained, by one joint tort-feasor, other joint tort-feasors shall be given credit for the amount of such payment in the satisfaction of the wrong." In other words, payment by one joint tort-feasor under a compromise settlement is satisfaction *pro tanto* as to all. See *Brewer v. Appalachian Constructors, Inc.,* 135 W.Va. 739, 65 S.E.2d 87 and *New River & Pocahontas Consolidated Coal Company v. Eary,* 115 W.Va. 46, 174 S.E. 573. Point 5 of the Syllabus of the latter case reads: "Partial satisfaction of the injured person by one joint tort-feasor is a satisfaction, *pro tanto,* as to all."

The compromise settlement with and release of Spitznogle does not preclude an action by the plaintiffs against a joint tort-feasor. As succinctly stated in *Hardin, supra,* "The law in this state is that the release of one joint tort-feasor does not release other joint tort- feasors." See *Bloss v. Plymale,* 3 W.Va. 393; *Leisure v. Monongahela Valley Traction Co.,* 85 W.Va. 346, 101 S.E. 737; and *Rice v. Builders Material Company,* 120 W.Va. 585, 2 S.E.2d 527. In addition to the foregoing authorities, Code, 1931, 55-7-12 specifically provides that a release of one

joint tort-feasor "shall be no bar to an action or suit against such other * * * tort-feasor, for the same cause of action to which the release or accord and satisfaction relates." Therefore, while the plaintiffs are entitled to only one satisfaction for the injuries suffered by their minors, the payment received pursuant to the compromise settlement is satisfaction *pro tanto* but not necessarily full satisfaction. This settlement with and release of Spitznogle does not act as a bar to an action against Craig, the defendant herein.

In arriving at its decision to overrule the plaintiffs' motion to amend their complaint, the court, adopting the defendant's contentions, reasoned that to allow such amendment would permit the plaintiffs to assume a position inconsistent with that taken in the summary proceedings. Furthermore, the court indicated that in said summary proceedings the plaintiffs had alleged that Charles B. Spitznogle was solely responsible for the injuries and damages sustained by the plaintiffs and that this specific admission of fact was binding and conclusive. It is pertinent to note that the petitions in the summary proceedings did not allege that Spitznogle was solely responsible for the injuries sustained by the Tennants. The petitions related only what occurred between the Spitznogle and Tennant vehicles. Although they did not mention a joint tort-feasor, such joint tort-feasor was not excluded.

Pursuant to the provisions of Code, 1931, 44-10-14, the plaintiffs, as guardians of the Tennants, entered into negotiations with Charles B. Spitznogle in an effort to obtain payment from him for the injuries sustained by their minors, said payment to be in compromise and settlement of any claims which they might have against him by reason of the above described collision. The negotiations were successful and, in accordance with the requirements of the above statute, petitions were filed in the circuit court for permission to settle the claims. Upon proper hearing the petitions were granted and the settlements were approved.

The above events are the summary proceedings alluded to herein. The compromise or settlement involved in those proceedings constitutes an agreement between the parties, who, to avoid litigation, agree to pay certain sums of money in exchange for a release from any further liability. 15 C.J.S., *Compromise and Settlement,* Section 1; 4 M.J., *Compromise and Settlement,* Section 3. Such summary proceedings consist of a petition by the guardian, an appointment of a guardian ad litem who shall file an answer, a hearing before the court and an order of the court.

The petitions in the instant case set out the appointment of the plaintiffs as guardians of the injured minors; the manner in which the collision occurred and the injuries resulting therefrom; the negotiations with Spitznogle which resulted in his agreement to pay certain sums of money in compromise and settlement for said injuries; a release of Spitznogle upon receipt of said payments; and a prayer for permission to make such settlements. The court granted the prayers of the petitions and permitted the guardians to compromise and settle the claims.

It is contended by the defendant that the facts related in the petitions in the summary proceedings constitute judicial admissions that are inconsistent with the allegations of the complaint in the instant case and that such admissions are binding and conclusive on the plaintiffs here. Therefore, the defendant asserts, the plaintiffs were properly precluded by the court from amending their complaint.

We are unable to agree with the assertion of the defendant, being of the firm opinion that, in the circumstances of this case, the plaintiffs should have been permitted to amend their complaint. When it became apparent that the allegations of the complaint did not conform to the evidence which the plaintiffs found necessary to present to prove their case on its merits, amendment of the complaint should have been permitted under R.C.P., Rule 15 (a) and (b). Rule 15 (a) provides

that a party may amend his pleading by leave of court "and leave shall be freely given when justice so requires." Rule 15 (b) permits such amendment of a pleading as may be necessary to cause it to conform to the evidence.

That Rule 15 (b) should be liberally applied is clearly evident from the following language thereof: "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence." See LUGAR & SILVERSTEIN, W. VA. RULES p. 138 et seq.

In the instant case it became necessary for the plaintiffs to show that the injuries resulted from the concurrent negligence of Spitznogle and the defendant. Since the complaint alleged that the injuries resulted from the negligence of Craig only, it further became necessary to amend the complaint so as to permit it to conform to the evidence. This should have been permitted under R.C.P., Rule 15 (b) so that the merits of the action could be considered.

As noted elsewhere in this opinion the plaintiffs are entitled to only one satisfaction for the injuries sustained. The burden, however, will continue to be on the plaintiffs to prove that the concurrent negligence of defendant Craig and of Spitznogle, as a joint tort-feasor, was the proximate cause of the injuries and that the plaintiffs are entitled to damages in excess of the amounts paid as a result of the compromise and settlement with Spitznogle. There has been no showing by the defendant that the admission of evidence reflecting that Spitznogle and Craig were involved in the subject collision "would prejudice him in maintaining his * * * defense upon the merits". R.C.P., Rule 15 (b).

Of further pertinent consideration on this appeal is the defendant's contention that statements set out in the summary proceedings constitute judicial admissions which are binding on and conclusive as to the plaintiffs and therefore preclude their right to amend the complaint.

The statements in the petitions in the summary proceedings do not constitute judicial admission in the circumstances of this case. The summary proceedings involved in this case are not adversary in character but consist of petitions in equity designed merely to obtain the permission of the court to settle certain claims for infants as required by Code, 1931, 44-10-14. The summary proceedings do not constitute litigation and certainly are not a part of the instant cause. "The moment we leave the sphere of the same cause, we leave behind all questions of judicial admission." 4 WIGMORE, EVIDENCE, Sec. 1065 (Chadbourn rev. 1972).

We are of the opinion, therefore, that the statements in the summary proceedings, non-adversary proceedings in equity, do not constitute judicial admissions. Such statements do not preclude the amendment of the complaint so as to permit it to conform to the evidence.

In view of the foregoing, the judgment of the Circuit Court of Monongalia County is reversed and the case is remanded for a new trial with directions that the plaintiffs be permitted to amend their complaint so that the merits of the action can be fully considered.

*Reversed and remanded with directions.*