JONES, JUDGE:
This is a claim by Drema Gail Hopson, Administratrix of the *9 Estates of Nancy Ann Hopson and Angela Jean Hopson, deceased, and Dannie Hopson, individually, against the West Virginia Department of Natural Resources for the wrongful deaths of two infant children, as well as for damages “in their wages, property and persons”, all in the amount of $25,000.00. The claim arises out of the Buffalo Creek Flood Disaster of February 26, 1972, in Logan County, West Virginia; and the claimants contend that the deaths were the proximate result of the wanton and willful negligence of the respondent resulting in the rupture of a water impoundment known as the Buffalo Creek Dam. The issue before the Court for decision was raised by a motion on behalf of the respondent to dismiss this claim as being barred by two releases executed by the claimants.
The death claim release recites that the claimants “* * * for the sole consideration of Twenty Thousand Four Hundred Eighty-Three Dollars and Two Cents ($20,483.02) in hand paid, the receipt and sufficiency of which is hereby acknowledged, do * * * release, acquit and forever discharge Buffalo Mining Company, The Pittston Company, Pardee Land Company, * * * and as well all other persons, firms and corporations whatsoever, of and from any and all claims, demands, damages, injuries, losses, expenses, suits, actions or causes of actions and any and every other matter or thing related to, associated with, or in any manner arising out of the death of said decedents as a result of that certain happening or event which took place on or about February 26, 1972, in the watershed of Buffalo Creek * * * generally known and referred to as the Buffalo Creek Flood Disaster, all to the end that all claims which the undersigned now has or have, has or have had, or may in the future have in the premises by reason of the death of the aforesaid decedents, whether arising under the Wrongful Death Statutes of the State of West Virginia, or otherwise, shall be, as they are hereby specifically declared to be, extinguished now and forever. * * * The undersigned do(es) further declare that he, she or they is or are each over the age of twenty-one (21) years, and that this release is executed by him, her or them upon the express understanding that the same shall operate to extinguish, and the undersigned hereby declare (s) extinguished, now and forever, any and all claims which the undersigned now has or have, have had, or may in the future have in the premises.” (Emphasis supplied.) The other release, which recites a consideration of $2,100.00, employs substantially the same *10 wording except that it is made to apply to personal property.
The claimants rely first upon Section 12, Article 7, Chapter 55 of the official Code of West Virginia of 1931, as amended, which reads as follows:
“A release to, or an accord and satisfaction with, one or more joint trespassers, or tort feasors, shall not inure to the benefit of another such trespasser, or tort feasor, and shall be no bar to an action or suit against such other joint trespasser or tort feasor, for the same cause of action to which the release or accord and satisfaction relates.”
and further, the claimants contend that the words in the release “and as well all other persons, firms and corporations whatsoever,” do not apply in this case for the reason that the State is not a person, firm or corporation.
There appearing to be some confusion in the minds of counsel about this Court’s position upon an aspect of this case, it may be well at this time to point out that where payments have been made by one or more joint tort-feasors, other joint tort-feasors will be given credit for such payments in satisfaction of the claim. There are a number of decisions of the Supreme Court of Appeals of West Virginia supporting this position, the latest being the case of Rose A. Tennant, Guardian, et al. v. Craig, _ W.Va. _, 195 S.E.2d 727 (1973). In that case the Court said: “As noted by the defendant, the plaintiffs are entitled to only one satisfaction for the injuries suffered as a result of the accident. The compromise settlement with Spitznogle is a part of such satisfaction. This Court said in Point 2 of the Syllabus of Hardin v. New York Central Railroad Company, 145 W.Va. 676, 116 S.E.2d 697, “Where a payment is made, and release obtained, by one joint tort-feasor, other joint tort-feasors shall be given credit for the amount of such payment in the satisfaction of the wrong. In other words, payment by one joint tort-feasor under a compromise settlement is satisfaction pro tanto as to all.” (Citations omitted.) In this case, the claimants were paid $20,483.02 for the death claims and $2,100.00 for damages to household goods and other personal property, a total of $22,583.02, leaving $2,416.98 of the amount claimed in controversy.
In our opinion Code 55-7-12 does not apply in this case as the writings signed by the claimants clearly were intended to and did release the specifically named tort-feasors and others descriptively *11 named by the words' “all other persons, firms or corporations whatsoever”. In the context of this case the State of West Virginia may either be a person or a corporation. The prime purpose of the statute creating the Court of Claims was to permit the State to be sued as a private person or corporation within this limited jurisdiction. Plainly it follows that if the State may be sued as a person, it may be released as a person. In Whitney v. State Board of Education et al., 8 Ct. Cl 45, this Court said: “To constitute a moral obligation of the State justifying the appropriation of public funds, it is necessary that an obligation or duty be imposed on the State, by Statute or contract, or that wrongful conduct be shown, which would be judicially recognized as legal or equitable in cases between private persons. State ex rel. Cashman v. Sims, 130 W.Va. 430, 43 S.E.2d 805.”
The Supreme Court of the United States has defined a State as a political corporate body which can act only through agents, and can command only by laws. Poindexter v. Greenhow, Va. 5 St.Ct. 903, 114 U.S. 27, 29 L.Ed. 185 (1884). The Supreme Court in the case of Chisholm v. Georgia, 2 Dali. 419, 447, 1 L.Ed. 440, 452 (1793), stated “* * * any body politic (sole or aggregate) whether its power be restricted or transcendent, is in this sense a ‘corporation’. The King, accordingly, in England is called a corporation. 10 Co. 29 B. So also, by a very respectable author (Shepard, in his abridgment, 1 Vol. 431) is the Parliament itself. In this extensive sense, not only each State singly, but even the United States may without impropriety be termed ‘corporations’ * * At page 455 of that opinion the Court further described a State to be “* * * a complete body of free people united together for their common benefit, to enjoy peacefully what is their own, and to do justice to others. It is an ‘artificial’ person. (Emphasis added.) It has its affairs and its interests: It has its rules: It has its rights; And it has its obligations . .. .”
In the mandamus proceeding of State ex rel. Myrtle Prince et al v. West Virginia Department of Highways, _ W.Va. _, 195 S.E.2d 160 (1972) in which three separate releases were executed and delivered to three separate contractors releasing all claims for damages to real estate resulting from the construction of a highway and forever discharging these defendants, their servants, agents, successors and assignees and any and all other persons, firms, associations and corporations from any and all actions, causes of action, claims and demands, damages, costs, expenses and compensation on *12 account of or in any way growing out of any injuries or property damage resulting from the construction of such highway, the Court held that the petitioners were not entitled to a Writ of Mandamus even though the defendant, West Virginia Department of Highways, was not specifically named in any of said releases, for the reason that the releases disclosed a full satisfaction of all the petitioners’ claims. While the. question was not discussed in the opinion, the Court obviously included the West Virginia Department of Highways within the description “any and all other persons, firms, associations and corporations”.
In view of the broad and inclusive language of the releases executed by the claimants and the authorities cited herein, the Court is of opinion to sustain the respondent’s motion to dismiss this claim. The releases acknowledge the “sufficiency” of the consideration, release the named joint tort-feasors “and as well all other persons, firms and corporations whatsoever”, recite the express understanding that the releases “shall operate to extinguish” all claims and include a declaration by the claimants that all claims are thereby “extinguished, now and forever”. The language of these releases clearly shows the intention of the parties to release all of their claims arising out of the Buffalo Creek Flood Disaster, for all damages against all beings or entities whatsoever, for all times, and that such releases should inure to the benefit of the State of West Virginia.
Accordingly, the motion of the respondent to dismiss this claim is hereby sustained, and the claim is hereby dismissed.
Judge Petroplus did not participate in the consideration or decision of this case.
Claim dismissed.