WALLACE, JUDGE:
On December 9, 1978, the claimant was a passenger in a Chevrolet Luv truck operated by Robert Gene Wallace. It was snowing, and as they drove at approximately 20 mph over the Water Street Bridge on US Route 119 in Logan, West Virginia, the vehicle struck ice and the driver lost control. The truck slid and collided with another truck. The claimant sustained severe and permanent injuries including the amputation of her *17 right leg.
The claimant alleges that the failure of the respondent to remove the snow and ice from the bridge was negligence and that this negligence was the proximate cause of her injuries. She seeks an award of $100,000.00.
The respondent alleges that the Water Street Bridge was not, at the time of the accident, part of the highway system under its jurisdiction.
During the course of the hearing it developed that the claimant had settled with Robert Wallace's insurance company for $50,000.00. The Court requested that the release be filed with the Court, which was done. There were actually two releases executed, each for the consideration of $25,000.00, releasing the owner and operators of the truck. The releases provided among other things that the claimant '...released and discharged... all other persons, firms, and corporations, both known and unknown, of and from any and all claims, demands, damages, actions, causes of action, or suits at law or in equity, of whatsoever kind or nature, for or because of any matter or thing done, omitted or suffered to be done by anyone prior to and including the date hereof on account of all injuries both to person or property resulting, or to result, from an accident which occurred on or about the 9th day of December, 1978, at Logan, W. Va.
The releases did not exempt the respondent.
After the releases were filed with the Court, the respondent filed its Motion to Dismiss. The Motion was heard on January 17, 1983, after which the parties requested time to file briefs in support of their respective positions.
The Court after consideration of the record, finds that the releases do in fact release the respondent and sustains respondent's Motion to Dismiss. Drema Gail Hopson, et al. v. Dept. of Natural Resources, 10 Ct.Cl. 8 (1973) . See also Doqanieri v. United States, 520 F. Supp. 1093, (N.D.W.Va. 1981).
Motion sustained.