WALLACE, JUDGE:
The claimant Eugene R. Edwards, Jr. was involved in an automobile accident on Route 44 pear Sara Ann, Logan County, Went Virginia on January 22, 1980. A vehicle, driven by Ada B. Blackburn, was travelling north on Route 44. She encountered a break in the pavement and, in order to avoid going off an embankment, drove over into the so.uthbound lane. As the claimant rounded a curve, he saw Mrs. Blackburn's vehicle in his lane, forcing his off the road. He suffered multiple injuries. The claimant's allege that the respondent was negligent in failing to maintain Route 44. Claimant Eugene R. Edwards, Jr. seeks an award of $652,000.00 for medical expenses, lost wagon, pain and suffering. His wife Martha E. Edwards seeks an award of $25,000.00.
At the pre-trial hearing held on May 27, 1981, it was disclosed that the claimants had brought suit against Ada B. Blackburn and Jerry Lee Blackburn which was settled and a release had been executed by the claimants. The Court requested that the release be filed with the *19 Court, which was not done. The case was heard on June 24, 1982, after which the Court again requested that it be furnished the release. The release was furnished subsequent to the hearing and on September 17, 1982, respondent filed a Motion to Dismiss on the grounds that the claimants executed a release of all claims for a valuable consideration of $50,000.00. The release stated in part, that the claimants forever released Jerry Lee Blackburn and Ada B. Blackburn and any other person, partnership, firm or corporation charged or chargeable with responsibility or liability, ...from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of actions arising from any act or occurrence, up to the present time, and particularly on account of all personal injury, disability, property damage, lose of services and loss or damages of any kind sustained or that we or either of us hereafter may sustain in consequence of an accident that occurred on or about the 22 day of January 1980, at or near Junction of Rt. 44 and U.S. 52 Sara Ann, W. Va.
The respondent alleged that the release failed to exempt the State of West Virginia, and therefore, by its terms, released the respondent.
The claimant's filed a Motion Contra to Respondent's Motion to Dismiss on September 28, 1982.
The Court held a hearing on the Motion to Dismiss on January 17, 1983, after which a briefing schedule was established in which respondent was given thirty days to file its brief, then the claimants had twenty days to file their reply brief, after which respondent had an additional ten days to reply to claimants. Respondent's brief in support of its motion was filed on February 23, 1983. Claimant's opposition memorandum was filed with the Court on February 5, 1985, followed by respondent's reply brief on March 5, 1985.
The claimants contend, among other things, that respondent's Motion to Dismiss was not timely filed and further that the release executed by the claimants did not release the respondent.
After consideration of the record and the briefs and memorandum filed on behalf of both parties, the Court is of the opinion that claimant's contention that respondent's Motion to Dismiss was not timely filed, is without merit and that the release executed by the claimants did not exempt the respondent. The broadly worded release not only released the Blackburns, but extended to any other person, partnership, firm or corporation.' Drema Gail Hopson, et al. v. Dept. of Natural Resources, 10 Ct.Cl. 8 (1973). See also Doganieri v. United States, 520 F. Supp. 1093, (N.D.W.Va. 1981).
Accordingly, the Court finds that the release releases the respondent and sustains the Motion to Dismiss.
Motion sustained.